KATHLEEN A. HERDELL, #142836
LAW OFFICES OF KATHLEEN A. HERDELL
340 McCormick Street, Suite C
St. Helena, CA 94574
(707) 963-3800
(707) 963-2622 facsimile
email: kathleen@herdell.com

Attorneys for Plaintiff, Wayne Clark

THE UNITED STATES DISTRICT COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE CLARK,<br><br>    Plaintiff,<br><br>v.<br><br>HIDDEN VALLEY LAKE ASSOCIATION, and DOES 1-20, inclusive,<br><br>    Defendants. | No.<br><br>COMPLAINT FOR:<br><br>BREACH OF CONTRACT;<br>BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; VIOLATION OF CALIFORNIA CONSTITUTION; DEFAMATION; NEGLIGENT SUPERVISION; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.<br><br>JURY TRIAL DEMANDED |

## JURISDICTION AND VENUE

Plaintiff WAYNE CLARK respectfully alleges and complains against the above named defendants HIDDEN VALLEY LAKE ASSOCIATION, and DOES 1-20 inclusive and each of them and demand a jury trial of all issues and causes of action allege:

1. This is an action brought pursuant to 28 U.S.C. § 1332 for diversity jurisdiction.

2. Plaintiff WAYNE CLARK resides in the State of Washington. Defendant HIDDEN VALLEY LAKE ASSOCIATION is incorporated in the State of California and has its current

place of business in Lake County in the State of California.

3. The true names and capacities, whether individual, corporate, government, associate or otherwise, of defendants sued herein as Does 1 to 20, inclusive, are unknown to plaintiff at this time and plaintiffs therefore sue said defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the defendants designated as a Doe is in some manner responsible for the occurrences and injuries alleged herein. Plaintiff believes all Doe defendants are residents of the State of California.

4. The true names and capacities, whether individual, corporate, government, associate or otherwise, of defendants sued herein as Does 1 to 20, inclusive, are unknown to plaintiff at this time and plaintiffs therefore sue said defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the defendants designated as a Doe is in some manner responsible for the occurrences and injuries alleged herein. Plaintiff believes all Doe defendants are residents of the State of California.

5. CLARK is informed and believes and thereon alleges that at all times herein mentioned, except where explicitly specified otherwise, each and every defendant was the agent and employee of each and every other defendant, and in doing the things, acts and omissions hereinafter alleged, was acting within the course and scope of such agency and employment, and in so doing was acting with the consent, permission, and authorization of each of the remaining defendants. All actions of each defendant as herein alleged were ratified and approved by the officers or managing agents of each and every other defendant.

6. Prior to his termination from employment with the HIDDEN VALLEY LAKE ASSOCIATION, (hereinafter "HVLA"), plaintiff WAYNE CLARK (hereinafter "CLARK") was employed pursuant to a written employment contract as a golf pro with the title of Director of Golf.

**BACKGROUND FACTS**

7. On April 15, 2015, HVLA General Manager, Cindy Spears, gave verbal notice to

1  plaintiff CLARK that HVLA was terminating his contract for no cause effective that day.

2      8. CLARK was a very popular employee of HVLA. In order to try to Cindy Spears set about a course of conduct and action to impugn CLARK's personal and professional reputation. She began disclosing confidential personnel information about CLARK and his contract as well as his performance. Among others, she started rumors that he was going to be arrested for criminal conduct including fraud and embezzlement, all of which she knew was untrue. She told nonHVLA employees about scurrilous and scandalous information about CLARK for the purpose of the nonHVLA employees publishing the information on social media, including Facebook. In one such incident, Ms. Spears said to one of her subordinates, "I think a little birdy should tell what Mr. Clark was keeping in his desk," and then went to the phone and called a friend who hosted and/or posted to one or more of the HVLA Facebook pages. Indeed, the purported friend quickly posted Ms. Spears' information under the heading of "A little birdy told me…" posting information that was meant to harm his reputation. Ms. Spears was known for her bullying, lying and purposeful distortion of facts to make her appear in favorable light.

     9. Although terminated for cause by HVLA, Ms. Spears set about to denigrate CLARK's performance and discussed his personnel matters publicly with HVLA employees where were not in a need to know employment position and member of the public as well. CLARK had never had a negative performance evaluation and performed his duties well at all times. He was never informed of deficient performance or given any opportunity to and the woman teacher by giving her notice and an opportunity to respond pursuant to the terms of the contract, which they did not do for CLARK, all to his detriment. Moreover, after the HVLA gave CLARK notice of the contract termination, it set about to generate complaints by residents who did not support golf operations at HVLA.

     10. Ms. Spears started rumors that CLARK she knew to be untrue including that he had inappropriately taken monies from the HVLA golf shop; that CLARK failed to charge all people for playing golf even though it was required; that CLARK had pornography on his computer, that CLARK mismanaged the golf operation budget and increased HVLA subsidization from HVLA funds; that CLARK; that his HVLA contract was illegal and invalid; that he did not pay for food

1  or drinks at the HVLA bar; that CLARK was undermining her authority; that HVLA paid for
2  CLARK's participation in golf tournaments inappropriately.
3       11.    CLARK's pay stubs indicate HVLA was paying him on an hourly basis, which
4  can only be done for employees who are not exempt from California Labor Code statutes for
5  overtime, meal breaks, and rest periods.
6       12.    HVLA failed to pay Clark all wages and commissions due on the date of his
7  termination.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

13. Plaintiff realleges and incorporate herein by reference each and every allegation contained in paragraphs 1 through 12, inclusive, of the Complaint as though fully set forth herein.

14. When Plaintiff was hired, he signed a contract as a prerequisite to employment at HVLA.

15. Terms of the written contract describe that plaintiff can be terminated either for cause or not for cause. HVLA stated it terminated plaintiff not for cause and paid the contract's monies for such termination.

16. Cindy Spears began telling people that CLARK was terminated for cause. However, CLARK's performance never met the contract conditions that justified termination for cause. In so doing, HVLA breached CLARK's contract.

17. Plaintiff had performed all conditions, covenants and promises required by him on his part to be performed in accordance with the terms and conditions of the contract.

18. As a direct and proximate result of defendants' breach, plaintiff has suffered and continues to suffer losses from the loss of employment and employment related benefits which would not have occurred had defendants not breached the contract. Said damages which plaintiff has suffered to date as a result of defendants' breach are in an amount not yet ascertained. Plaintiff will seek leave to amend this Complaint to insert the amount when the same has been ascertained or on proof thereof. Plaintiff also seeks attorneys fees pursuant to terms of the

contract.

## SECOND CAUSE OF ACTION

### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

19. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 18, inclusive, of the Complaint as though fully set forth herein.

20. The employment agreement has an implied-in-law covenant of good faith and fair dealing. Defendant HVLA's covenant is to give full cooperation to CLARK in his performance under the employment agreement and to refrain from any act which would prevent or impede all of the conditions of the employment agreement to be performed by him. The covenant requires the following (inter alia):

    a. each party in the relationship must act with good faith toward the other concerning all matters related to the employment;

    b. each party in the relationship must act with fairness toward the other concerning all matters related to employment;

    c. neither party may take any action to unfairly prevent the other from obtaining the benefits of the employment relationship;

    d. defendants must similarly treat employees who are similarly situated;

    e. defendants must comply with their own policies and procedures;

    f. defendants must not cause plaintiff's termination in an unfair manner;

    g. defendants must give plaintiff's interests as much consideration as they gave to their own interests.

21. At the time CLARK entered into the employment agreement, he was in an inherently unequal bargaining position because he had a need for money in order to support himself.

22. CLARK entered into the employment agreement to secure his financial stability, advance his career and to gain peace of mind.

23. CLARK has been unsuccessful in finding comparable replacement employment

5

Complaint

because of his wrongful termination, the limited job market, the fact that there are relatively few positions comparable for which he is eligible.

24. On or about April 15, 2015, defendant HVLA breached the covenant of good faith and fair dealing in the employment agreement with CLARK by discharging CLARK without good cause or fair treatment as to allegations of deficient performance and in violation of public policy.

25. As a direct and proximate result of defendants' breach of the covenant of good faith and fair dealing, CLARK has suffered and continues to suffer a substantial loss of earnings and other employment benefits that he would have received had defendants not breached the employment agreement. Plaintiff has also suffered and continues to suffer emotional harm, humiliation and mental anguish all to plaintiff's damage. CLARK will seek leave to amend this Complaint and to insert the amount when the same is ascertained or on proof thereof.

## THIRD CAUSE OF ACTION

### VIOLATION OF CALIFORNIA CONSTITUTION ARTICLE 1, SECTION 1 REGARDING PRIVACY

26. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 25, inclusive, of the Complaint as though fully set forth herein.

27. At all times of CLARK's employment with HVLA, he had the right to have his personnel information kept private. Cindy Spears violated this right when she purposefully, knowingly and willingly disclosed information regarding CLARK's confidential employment terms, performance and other confidential personnel information for the purpose of impugning his reputation and justifying his termination for cause.

28. As a direct and proximate result of defendants' violation of his Constitutional right to privacy in his employment information, CLARK has suffered and continues to suffer a substantial loss of earnings and other employment benefits that he would have received had defendants not breached the employment agreement. Plaintiff has also suffered and continues to suffer emotional harm, humiliation and mental anguish all to plaintiff's damage. CLARK will

seek leave to amend this Complaint and to insert the amount when the same is ascertained or on proof thereof.

## FOURTH CAUSE OF ACTION

## DEFAMATION

29. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 28, inclusive, of the Complaint as though fully set forth herein.

30. On information and belief, plaintiff asserts that defendant HVLA or its agents, orally uttered to others, or caused to be published that CLARK was an incompetent employee, or words to that effect, and that any problems with the golf operations at HVLA were caused by CLARK.

31. On information and belief, plaintiff further alleges that HVLA's Cindy Spears orally uttered to others, or caused to be published, that CLARK was negligent in the performance of his duties as a sales manager. She further orally uttered to others, or caused to be published words which tended directly to injure CLARK with respect to his office, profession, trade or business.

32. The utterances and publications made by defendant were not privileged because defendants published these statements with personal animosity, hatred and ill will toward CLARK, and they were published to persons who were not interested, and to persons who do not stand in a relationship with an interested person.

33. Such publications were false and injured CLARK's reputation and his ability to retain his job or to obtain other employment.

34. The publicity created by defendant was offensive and objectionable to CLARK and to a reasonable person of ordinary sensibilities in that Spear's defamatory statements were the catalyst for CLARK's termination and have precluded CLARK from finding comparable replacement employment.

35. The publicity created by defendant was done with malice in that it was made either with knowledge of its falsity or in reckless disregard of its truth.

36. As a direct and proximate result of defendants' defamatory statements, CLARK

suffered and continues to suffer a substantial loss of earnings and other employment benefits and has suffered and continues to suffer humiliation and mental anguish all to plaintiff's damage in an amount not yet ascertained, but within the minimum jurisdiction of this Court. Plaintiff will seek leave to amend this Complaint and insert the amount when the same is ascertained or on proof thereof.

37. The conduct of defendants was willful, oppressive, fraudulent and malicious, thereby entitling plaintiff to an award of punitive damages.

## FIFTH CAUSE OF ACTION
## NEGLIGENT SUPERVISION

38. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 37, inclusive, of the Complaint as though fully set forth herein.

39. Plaintiff alleges that defendant HVLA owes all of its employees a duty to supervise its employees in a manner consistent with common law. As an employee of HVLA, HVLA owed CLARK this same duty.

40. HVLA breached its duty to CLARK by failing to supervise Cindy Spears and discipline her appropriately upon notice of her unsafe, unhealthy, and unlawful conduct.

41. As a direct and proximate result of this breach of duty, plaintiff has suffered substantial economic, physical, emotional and social damages, including, but not limited to lost wages, medical expenses, hospitalization expenses, humiliation, mental anguish, embarrassment, loss of sleep, depression, vomiting, excruciating headaches, panic attacks and hyperventilation, as well as other compensatory and consequential damages. He has also suffered pecuniary losses including cost of relocating and costs of trying to find replacement employment.

## SIXTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

42. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 41, inclusive, of the Complaint as though fully set forth

herein.

43. In terminating plaintiff for conduct and reasons that were not accurate, defendants could foresee that plaintiff would suffer great emotional distress. In purposely stating purported facts she knew to be untrue for the purpose of harming CLARK's reputation and goodwill in the community and his profession, Cindy Spears negligently caused plaintiff great emotional distress. Plaintiff did in fact suffer such distress.

44. As a direct and proximate result of HVLA's negligent conduct, plaintiff has suffered substantial economic, physical, emotional and social damages, including, but not limited to lost wages, medical expenses, hospitalization expenses, humiliation, mental anguish, embarrassment, loss of sleep, depression, vomiting, excruciating headaches, panic attacks and hyperventilation, as well as other compensatory and consequential damages. He has also suffered pecuniary losses including cost of relocating and costs of trying to find replacement employment.

## SEVENTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

45. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 44, inclusive, of the Complaint as though fully set forth herein.

46. On information and belief, plaintiff alleges that defendants orally uttered to others, or caused to be published, direct statements and statements by innuendo that CLARK was negligent in the performance of his duties, and purposely stating purported facts she knew to be untrue for the purpose of harming CLARK's reputation and goodwill in the community and his profession, Cindy Spears intentionally caused plaintiff great emotional distress. Plaintiff did in fact suffer such distress.

44.

45. On information and belief, plaintiff alleges that defendants orally uttered to others, or caused to be published words which tended directly to injure CLARK with respect to his office, profession, trade or business. Since his termination, CLARK has applied for golf pro positions unsuccessfully.

Complaint

46. Defendant's statements spawned an environment rife with innuendo, speculation and rumor about CLARK and his personal and professional character, profession, trade and business. Hidden Valley Lake is a small community. On information and belief, plaintiff alleges it has a very tight-knit group. CLARK's termination was reported widely in several editions of the Association's newsletter, and HVLA's several social media pages.  Plaintiff believes that rumors among HVLA were started or contributed to by Cindy Spears and HVLA Board Members' various public comments.  Such innuendo have created a public perception that CLARK was terminated for incompentence, and moral turpitude reasons.

47. The utterances and publications made by defendants were not privileged because defendants published these statements with personal animosity, hatred, and ill will toward CLARK with the intent to disgrace and injure plaintiff, to bring him into public disregard and cause the public to hold him in contempt and ridicule.  Their statements were published to those persons who were not interested parties, and to those persons who do not stand in a relationship with an interested person.

48. Such publications were false and injured CLARK's reputation and his ability to retain his job or to obtain other employment.

49. The publicity created by defendants was offensive and objectionable to CLARK and to a reasonable person of ordinary sensibilities in that it made CLARK the object of suspicion of criminal intent, wrongdoing, moral turpitude and professional incompetence.

50. The publicity created by defendants was done with malice in that it was made either with knowledge of its falsity or in reckless disregard of its truth in that the HVLA, and its individual Board members and administration were aware of and had access to CLARK's personnel file and employment records.

51. As a direct and proximate result of HVLA's negligent conduct, plaintiff has suffered substantial economic, physical, emotional and social damages, including, but not limited to lost wages, medical expenses, hospitalization expenses, humiliation, mental anguish, embarrassment, loss of sleep, depression, vomiting, excruciating headaches, panic attacks and hyperventilation, as well as other compensatory and consequential damages. He has also suffered pecuniary losses

including cost of relocating and costs of trying to find replacement employment.

52. The conduct of defendants was willful, oppressive, fraudulent and malicious, thereby entitling plaintiff to an award of punitive damages.

### PRAYER FOR RELIEF

Plaintiff requests such damages from defendants as to be proved at trial but in a minimum of $750,000:

1. For a money judgment representing general and compensatory damages including lost past and future wages, earnings, retirement benefits and other employee benefits, government service credits and all other sums of money, together with interest on those amounts.

2. For all general and compensatory damages incurred from the lasting harm to Scott Dostal's professional reputation and other monetary relief according to proof.

3. For a money judgment for mental pain and anguish and emotional distress.

4. For costs of suit herein incurred.

5. Reasonable attorneys fees pursuant to common and/or statutory law of the State of California.

6. For punitive damages.

7. For prejudgment and post-judgment interest.

8. For such other and further relief as the Court may deem just and proper.

### JURY DEMAND

CLARK hereby demands a trial by jury of all issues in this case.

Dated: April 15, 2016                LAW OFFICES OF KATHLEEN A. HERDELL

*/s/ Kathleen A. Herdell*
Attorneys for plaintiff WAYNE CLARK