1  KATHLEEN A. HERDELL, #142836
   LAW OFFICES OF KATHLEEN A. HERDELL
2  340 McCormick Street, Suite C
   St. Helena, CA 94574
3  (707)   963-3800
   (707) 963-2622 facsimile
4  email: kathleen@herdell.com
   Attorneys for Plaintiff, Wayne Clark
5

6
                    THE UNITED STATES DISTRICT COURT FOR
7
                    THE NORTHERN DISTRICT OF CALIFORNIA
8

9  WAYNE CLARK,                         )   No. 3: 16-CV-02009-SI
                                        )
10        Plaintiff,                     )   FIRST AMENDED COMPLAINT FOR:
                                        )
11  v.                                   )   BREACH OF CONTRACT;
                                        )   BREACH OF THE IMPLIED COVENANT
12  HIDDEN VALLEY LAKE                   )   OF GOOD FAITH AND FAIR DEALING;
   ASSOCIATION, and DOES 1-20,          )   VIOLATION OF CALIFORNIA
13  inclusive,                           )   CONSTITUTION ARTICLE 1, SECTION
                                        )   1; DEFAMATION;  NEGLIGENT
14        Defendants.                    )   SUPERVISION; NEGLIGENT
                                        )   INFLICTION OF EMOTIONAL
15                                       )   DISTRESS; INTENTIONAL INFLICTION
                                        )   OF EMOTIONAL DISTRESS; LIBEL;
16                                       )   INTENTIONAL INVASION OF PRIVACY
                                        )   PLACING PLAINTIFF IN A FALSE
17                                       )   LIGHT; RETALIATION IN VIOLATION
                                        )   OF CALIFORNIA  PUBLIC POLICY;
18                                       )   INTERFERENCE WITH PROSPECTIVE
                                        )   ECONOMIC ADVANTAGE AND
19                                       )   BUSINESS RELATIONS; VIOLATION OF
                                        )   LABOR CODE §§ 201 AND 203 FOR LATE
20                                       )   PAYMENT OF WAGES ON
                                        )   TERMINATION; VIOLATION OF LABOR
21                                       )   CODE §§ 1101, 1102 AND 1102.5 FOR
                                        )   POLITICAL ACTIVITIES.
22                                       )
                                        )
23                                       )
                                        )
24                                       )   JURY TRIAL DEMANDED
                                        )
25                                       )

26  _____

27
                         JURISDICTION AND VENUE
28

Plaintiff WAYNE CLARK respectfully alleges and complains against the above-named defendants, HIDDEN VALLEY LAKE ASSOCIATION and DOES 1-20, inclusive, and each of them, and demand a jury trial of all issues and causes of action, as follows:

1.      This is an action brought pursuant to 28 U.S.C. § 1332 for diversity jurisdiction.

2.      Plaintiff WAYNE CLARK resides in the State of Washington.  Defendant HIDDEN VALLEY LAKE ASSOCIATION is incorporated in the State of California and has its current place of business in Lake County in the State of California.

3.      The true names and capacities, whether individual, corporate, government, associate or otherwise, of defendants sued herein as Does 1 to 20, inclusive, are unknown to plaintiff at this time and plaintiffs therefore sue said defendants by such fictitious names. Plaintiff will seek leave to amend this First Amended Complaint to show their true names and capacities when the same have been ascertained.  Plaintiff is informed and believes and thereon alleges that each of the defendants designated as a Doe is in some manner responsible for the occurrences and injuries alleged herein.  Plaintiff believes all Doe defendants are residents of the State of California.

4.      The true names and capacities, whether individual, corporate, government, associate or otherwise, of defendants sued herein as Does 1 to 20, inclusive, are unknown to plaintiff at this time and plaintiffs therefore sue said defendants by such fictitious names. Plaintiff will seek leave to amend this First Amended Complaint to show their true names and capacities when the same have been ascertained.  Plaintiff is informed and believes and thereon alleges that each of the defendants designated as a Doe is in some manner responsible for the occurrences and injuries alleged herein.  Plaintiff believes all Doe defendants are residents of the State of California.

5.      CLARK is informed and believes and thereon alleges that at all times herein mentioned, except where explicitly specified otherwise, each and every defendant was the agent and employee of each and every other defendant, and in doing the things, acts and omissions hereinafter alleged, was acting within the course and scope of such agency and employment, and in so doing was acting with the consent, permission, and authorization of each of the remaining

First Amended Complaint

1 │ defendants. All actions of each defendant as herein alleged were ratified and approved by the

2 │ officers or managing agents of each and every other defendant.

3 │    6.    Prior to his termination from employment with the HIDDEN VALLEY LAKE

4 │ ASSOCIATION, (hereinafter "HVLA"), plaintiff WAYNE CLARK (hereinafter "CLARK") was

5 │ employed pursuant to a written employment contract as a golf professional with the title of

6 │ Director of Golf.

7 │                              **BACKGROUND FACTS**

8 │    7.    On April 15, 2015, HVLA General Manager, Cindy Spears ("Spears") gave verbal

9 │ notice to plaintiff CLARK that HVLA was terminating his contract for no cause effective that

10 │ day.

11 │    8.    CLARK was a very popular employee of HVLA. In order to justify CLARK'S

12 │ termination Spears engaged in a course of conduct and action to impugn CLARK's personal and

13 │ professional reputation. In the months following Clark's termination, Spears manufactured

14 │ information about Clark's performance as the Director of Golf that was untrue. She conveyed

15 │ this information to individuals that had no reason to know of it even if it were true. The

16 │ information included claims that Clark had embezzled funds of the Association, that he drank

17 │ alcohol and watched pornography while working, that he was going to be arrested for criminal

18 │ conduct and that he had engaged in fraud, dereliction of duties and theft, all of which she knew

19 │ was untrue. She told nonHVLA employees about such scurrilous and scandalous information

20 │ about CLARK with the intent that the nonHVLA employees would gossip about CLARK and

21 │ publish the false information on social media, including Facebook. The result was that certain

22 │ nonHVLA employees posted false information on Facebook and other websites that were

23 │ intended to support the idea that CLARK had been terminated for the conduct described herein.

24 │ She also started the rumors that CLARK had been terminated "for cause."

25 │    9.    Prior to his termination, CLARK had never been given a negative performance

26 │ evaluation and had performed his duties well at all times. He was never informed of deficient

27 │ performance or given any opportunity to respond as was required by the terms of his

28 │ employment contract and HLVA's practice and procedure associated with those terms.

First Amended Complaint

1    10. In addition to the foregoing, Spears started rumors about CLARK that she knew to

2 be untrue including that his employment contract was illegal, that he had inappropriately taken

3 monies from the HVLA golf shop; that CLARK failed to charge all people for playing golf even

4 though it was required; that CLARK had pornography on his computer; that CLARK

5 mismanaged the golf operation budget and increased HVLA subsidization from HVLA funds;

6 that his employment contract was illegal and invalid; that he did not pay for food or drinks at the

7 HVLA bar and that HVLA paid for CLARK's participation in golf tournaments inappropriately.

8    11. CLARK's pay stubs reflect that HVLA was paying him on an hourly basis, which

9 can only be done for employees who are not exempt from California Labor Code statutes for

10 overtime, meal breaks, and rest periods.

11    12. HVLA failed to pay Clark all wages and commissions due on the date of his

12 termination.

13              **FIRST CAUSE OF ACTION**

14              **BREACH OF CONTRACT**

15    13. Plaintiff realleges and incorporates herein by reference each and every allegation

16 contained in paragraphs 1 through 12, inclusive, as though fully set forth herein.

17    14. CLARK was hired by HVLA in 2011 and served at all times thereafter as the

18 Director of Golf for HVLA. Clark reported to HVLA's General Manager. When CLARK was

19 hired, he signed an employment contract with HVLA, which was renewed for a period of three

20 years in 2014. Spears was hired in 2014 to serve as the General Manager.

21    15. The employment contract provided that CLARK could be terminated for "good

22 cause" or "without good cause." The employment contract stated, *inter alia*, that "good cause . . .

23 shall be deemed to exist if Employee: (i) commits any felony or material act of dishonesty,

24 including but not limited to embezzlement, theft, or conversion of Employer property[.]" "Good

25 cause" was also deemed to exist under the employment contract where it was shown, *inter alia,*

26 that CLARK engaged in "gross carelessness or misconduct or unjustifiable neglect," breached his

27 duty of loyalty, or failed to perform or follow directions.

28    16. Notwithstanding the fact that CLARK had not engaged in conduct that constituted

1    "good cause," and that Spears knew of that fact, Spears represented to  people that she had

2    terminated CLARK  for cause. CLARK alleges on information belief that Spears was required to

3    secure approval of his termination from the HVLA Board of Directors and that she failed to do

4    so. Because Spears did not have "good cause" to terminate CLARK, and because the action

5    terminating CLARK was not approved by the HVLA Board of Directors, Spears breached

6    CLARK's employment contract.  In addition, Spears removed a significant area of responsibility

7    from CLARK even though it was promised to him by HVLA.

8        17.    Plaintiff had performed all conditions, covenants and promises required by him on

9    his part to be performed in accordance with the terms and conditions of the contract.

10       18.    As a direct and proximate result of defendants' breach, plaintiff has suffered and

11   continues to suffer losses from the loss of employment and employment related benefits which

12   would not have occurred had defendants not breached the contract. Said damages which plaintiff

13   has suffered to date as a result of defendants' breach are in an amount not yet ascertained.

14   Plaintiff will seek leave to amend this First Amended Complaint to insert the amount when the

15   same has been ascertained or on proof thereof.  Plaintiff also seeks attorneys fees pursuant to the

16   terms of the employment contract.

17                              **SECOND CAUSE OF ACTION**

18       **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

19       19.    Plaintiff realleges and incorporates herein by reference each and every allegation

20   contained in paragraphs 1 through 18, inclusive, as though fully set forth herein.

21       20.    The employment agreement has an implied-in-law covenant of good faith and fair

22   dealing. Defendant HVLA's covenant is to give full cooperation to CLARK in his performance

23   under the employment agreement and to refrain from any act which would prevent or impede all

24   of the conditions of the employment agreement to be performed by him.  The covenant requires

25   the following (inter alia):

26       a.     each party in the relationship must act with good faith toward the other concerning

27   all matters related to the employment;

28       b.     each party in the relationship must act with fairness toward the other concerning

                                            5                    First Amended Complaint

1    all matters related to employment;

2         c.    neither party may take any action to unfairly prevent the other from obtaining the
3    benefits of the employment relationship;

4         d.    defendants must similarly treat employees who are similarly situated;

5         e.    defendants must comply with their own policies and procedures;

6         f.    defendants must not cause plaintiff's termination in the absence of any basis for
7    doing so;

8         g.    defendants must give plaintiff's interests as much consideration as they gave to
9    their own interests.

10        21.    At the time CLARK entered into the employment agreement, he was in an
11   inherently unequal bargaining position because he had a need for money in order to support
12   himself.

13        22.    CLARK entered into the employment agreement to secure his financial stability,
14   advance his career and to gain peace of mind.

15        23.    CLARK has been unsuccessful in finding comparable replacement employment
16   because of his wrongful termination, the improper publication of defamatory information about
17   and concerning CLARK, the limited job market, and the fact that there are relatively few
18   positions comparable for which he is eligible.

19        24.    On or about April 15, 2015, defendant HVLA breached the covenant of good faith
20   and fair dealing in the employment agreement with CLARK by discharging CLARK in the
21   absence of any legitimate basis for doing so, without good cause or fair treatment as to
22   allegations of deficient performance and in violation of public policy.

23        25.    As a direct and proximate result of defendants' breach of the covenant of good
24   faith and fair dealing, CLARK has suffered and continues to suffer a substantial loss of earnings
25   and other employment benefits that he would have received had defendants not breached the
26   employment agreement. Plaintiff has also suffered and continues to suffer emotional harm,
27   humiliation and mental anguish all to plaintiff's damage. CLARK will seek leave to amend this
28   First Amended Complaint and to insert the amount when the same is ascertained or on proof

6                          First Amended Complaint

1    thereof.

2                           **THIRD CAUSE OF ACTION**

3        **VIOLATION OF CALIFORNIA CONSTITUTION ARTICLE 1, SECTION 1
                            REGARDING PRIVACY**

4
5        26.    Plaintiff realleges and incorporates herein by reference each and every allegation

6    contained in paragraphs 1 through 25, inclusive, as though fully set forth herein.

7        27.    At all times of CLARK's employment with HVLA, he had the right to have his

8    personnel information kept private. Spears violated this right when she purposefully, knowingly

9    and willingly disclosed information regarding CLARK's confidential employment terms, her

10   unsupported claims about CLARK'S performance and conduct as alleged herein and other

11   confidential personnel information for the purpose of impugning his reputation and justifying his

12   termination for cause.

13       28.    As a direct and proximate result of defendants' violation of his Constitutional

14   right to privacy in his employment information, CLARK has suffered and continues to suffer a

15   substantial loss of earnings and other employment benefits that he would have received had

16   defendants not breached the employment agreement. Plaintiff has also suffered and continues to

17   suffer emotional harm, humiliation and mental anguish all to plaintiff's damage. CLARK will

18   seek leave to amend this First Amended Complaint and to insert the amount when the same is

19   ascertained or on proof thereof.

20       29.    The conduct of defendants was willful, oppressive, fraudulent and malicious,

21   thereby entitling plaintiff to an award of punitive damages.

22                          **FOURTH CAUSE OF ACTION**

23                                  **DEFAMATION**

24       30.    Plaintiff realleges and incorporates herein by reference each and every allegation

25   contained in paragraphs 1 through 29, inclusive, as though fully set forth herein.

26       31.    On information and belief, plaintiff asserts that defendant HVLA or its agents,

27   orally uttered to others, or caused to be published that CLARK was an incompetent employee, or

28   words to that effect, and that any problems with the golf operations at HVLA were caused by

                                          7                    First Amended Complaint

1 CLARK.

2    32.    On information and belief, plaintiff further alleges that HVLA's Spears orally
3 uttered to others, or caused to be published, that CLARK was negligent in the performance of his
4 duties and that she further orally uttered to others, or caused to be published words which tended
5 directly to injure CLARK with respect to his office, profession, trade or business. Among other
6 things, Spears deliberately represented to individuals that were neither employed by nor officers
7 or representatives of HVLA that CLARK was going to be arrested for criminal conduct including
8 fraud, dereliction of duties, theft and embezzlement, all of which she knew was untrue. She made
9 these claims to nonHVLA employees with the intent that the nonHVLA employees would gossip
10 about CLARK and publish the false information on social media, including Facebook. The result
11 was that certain nonHVLA employees posted false information on Facebook and other websites
12 that appeared to support the idea that CLARK had actually committed such actions and was a
13 scurrilous man.

14    33.    The utterances and publications made by defendants were not privileged because
15 defendants published these statements with personal animosity, hatred and ill will toward
16 CLARK, and they were published to persons who were not interested, and to persons who do not
17 stand in a relationship with an interested person.

18    34.    Such publications were false and injured CLARK's reputation and his ability to
19 retain his job or to obtain other employment.

20    35.    The publicity created by defendants was offensive and objectionable to CLARK
21 and to a reasonable person of ordinary sensibilities in that Spear's defamatory statements were
22 the catalyst for CLARK's termination and continued for a significant period of time after
23 CLARK'S termination and have precluded CLARK from finding comparable replacement
24 employment.

25    36.    The publicity created by defendants was done with malice in that it was made
26 either with knowledge of its falsity or in reckless disregard of its truth.

27    37.    As a direct and proximate result of defendants' defamatory statements, CLARK
28 suffered and continues to suffer a substantial loss of earnings and other employment benefits and

8                                    First Amended Complaint

1  has suffered and continues to suffer humiliation and mental anguish all to plaintiff's damage in an

2  amount not yet ascertained, but within the minimum jurisdiction of this Court. Plaintiff will seek

3  leave to amend this First Amended Complaint and insert the amount when the same is

4  ascertained or on proof thereof.

5        38.    The conduct of defendants was willful, oppressive, fraudulent and malicious,

6  thereby entitling plaintiff to an award of punitive damages.

7  **FIFTH CAUSE OF ACTION**

8  **NEGLIGENT SUPERVISION**

9        39.    Plaintiff realleges and incorporates herein by reference each and every allegation

10  contained in paragraphs 1 through 38, inclusive, as though fully set forth herein.

11        40.    Plaintiff alleges that defendant HVLA owes all of its employees a duty to

12  supervise its employees in a manner consistent with common law. As an employee of HVLA,

13  HVLA owed CLARK this same duty.

14        41.    HVLA breached its duty to CLARK by failing to supervise Cindy Spears and

15  discipline her appropriately upon notice of her unsafe, unhealthy, and unlawful conduct even

16  though it knew or should have known from complaints by CLARK and other employees Cindy

17  Spears was abusing power, mistreating employees, making false statements about them, violating

18  their right to privacy by discussing confidential employment information with people who had no

19  need to know and creating a negative and abusive work environment.

20        42.    As a direct and proximate result of this breach of duty, plaintiff has suffered

21  substantial economic losses and mental and emotional harm, including, but not limited to lost

22  wages, humiliation, mental anguish, embarrassment, loss of sleep, depression, as well as other

23  compensatory and consequential damages. He has also suffered pecuniary losses including cost

24  of relocating and costs of trying to find replacement employment.

25        43.    The conduct of defendants was willful, oppressive, fraudulent and malicious,

26  thereby entitling plaintiff to an award of punitive damages.

27  //

28  //

9

First Amended Complaint

## SIXTH CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

44.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 43, inclusive, as though fully set forth herein.

45.     In terminating plaintiff for conduct and reasons that were not accurate, defendants could foresee that plaintiff would suffer great emotional distress.  In purposely stating purported facts she knew to be untrue for the purpose of harming CLARK's reputation and goodwill in the community and his profession, Cindy Spears negligently caused plaintiff great emotional distress. Plaintiff did in fact suffer such distress.

46.     As a direct and proximate result of this breach of duty, plaintiff has suffered substantial economic losses and mental and emotional harm,  including, but not limited to lost wages, humiliation, mental anguish, embarrassment, loss of sleep, depression,  as well as other compensatory and consequential damages. He has also suffered pecuniary losses including cost of relocating and costs of trying to find replacement employment.

47.     The conduct of defendants was willful, oppressive, fraudulent and malicious, thereby entitling plaintiff to an award of punitive damages.

## SEVENTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

48.     Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 47, inclusive, as though fully set forth herein.

49.     On information and belief, plaintiff alleges that defendants orally uttered to others, or caused to be published, direct statements and statements by innuendo that CLARK was negligent in the performance of his duties, and purposely stating purported facts she knew to be untrue for the purpose of harming CLARK's reputation and goodwill in the community and his profession, Cindy Spears intentionally caused plaintiff great emotional distress.  Plaintiff did in fact suffer such distress.

50.     On information and belief, plaintiff  alleges that defendants orally uttered to

1  others, or caused to be published words which tended directly to injure CLARK with respect to
2  his office, profession, trade or business. Since his termination, CLARK has applied for golf pro
3  positions unsuccessfully.

4       51.    Defendant's statements spawned an environment rife with innuendo, speculation
5  and rumor about CLARK and his personal and professional character, profession, trade and
6  business. Hidden Valley Lake is a small community. On information and belief, plaintiff alleges
7  it has a very tight-knit group. CLARK's termination was reported widely in several editions of
8  the Association's newsletter, and HVLA's several social media pages. Plaintiff believes that
9  rumors among HVLA were started or contributed to by Cindy Spears and HVLA Board
10  Members' various public comments. Such innuendos have created a public perception that
11  CLARK was terminated for incompentence, and moral turpitude reasons.

12       52.    The utterances and publications made by defendants were not privileged because
13  defendants published these statements with personal animosity, hatred, and ill will toward
14  CLARK with the intent to disgrace and injure plaintiff, to bring him into public disregard and
15  cause the public to hold him in contempt and ridicule. Their statements were published to those
16  persons who were not interested parties, and to those persons who do not stand in a relationship
17  with an interested person.

18       53.    Such publications were false and injured CLARK's reputation and his ability to
19  retain his job or to obtain other employment.

20       54.    The publicity created by defendants was offensive and objectionable to CLARK
21  and to a reasonable person of ordinary sensibilities in that it made CLARK the object of
22  suspicion of criminal intent, wrongdoing, moral turpitude and professional incompetence.

23       55.    The publicity created by defendants was done with malice in that it was made
24  either with knowledge of its falsity or in reckless disregard of its truth in that the HVLA, and its
25  individual Board members and administration were aware of and had access to CLARK's
26  personnel file and employment records.

27       56.    As a direct and proximate result of this breach of duty, plaintiff has suffered
28  substantial economic losses and mental and emotional harm, including, but not limited to lost

1  wages, humiliation, mental anguish, embarrassment, loss of sleep, depression, as well as other

2  compensatory and consequential damages. He has also suffered pecuniary losses including cost

3  of relocating and costs of trying to find replacement employment.

4       57.     The conduct of defendants was willful, oppressive, fraudulent and malicious,

5  thereby entitling plaintiff to an award of punitive damages.

6  **EIGHTH CAUSE OF ACTION**

7  **LIBEL**

8       58.     Plaintiff realleges and incorporates by reference each and every allegation

9  contained in paragraphs 1 through 57, inclusive, as though fully set forth herein.

10       59.     On information and belief, plaintiff alleges that defendants, through its Board

11  Member(s), General Manager and certain employees, and as directed by its General Manager,

12  caused others to purposely to publish in writing defamatory, unprivileged information publicly,

13  including without limitation that CLARK looked at pornography on his computer, embezzled

14  funds, lost monies by failing to charge players for golf at the golf course, and other purported

15  facts it knew to be false and untrue all for the purpose of harming CLARK's reputation and

16  goodwill in the community and his profession.  As a result, CLARK has been exposed to

17  disgrace, ridicule, hatred, contempt, and caused plaintiff to be shunned or avoided and injured in

18  his profession. He has also suffered emotional distress as a result of defendant's wrongful

19  conduct.

20       60.     On information and belief, plaintiff  alleges that defendants published in writing,

21  or caused to be published in writing words which tended directly to injure CLARK with respect

22  to his office, profession, trade or business and done with fault and malice.  Since his termination,

23  CLARK has applied for golf pro positions unsuccessfully.

24       61.     Defendant's written statements spawned an environment rife with innuendo,

25  speculation and rumor about CLARK and his personal and professional character, profession,

26  trade and business. Hidden Valley Lake is a small community.  On information and belief,

27  plaintiff alleges it has a very tight-knit group.  CLARK's termination was reported widely in

28  several editions of the Association's newsletter, and HVLA's several social media pages.

12

1    Plaintiff believes that rumors among HVLA were started or contributed to by Cindy Spears and

2    HVLA Board Members' various public writings.  Such false innuendos have created a public

3    perception that CLARK was terminated for incompentence and moral turpitude reasons.

4         62.    The publications made by defendants were not privileged because defendants

5    published these statements with personal animosity, hatred, and ill will toward CLARK with the

6    intent to disgrace and injure plaintiff, to bring him into public disregard and cause the public to

7    hold him in contempt and ridicule.  Their publications were to persons who were not interested

8    parties, and to those persons who do not stand in a relationship with an interested person.

9         63.    Such publications were false and injured CLARK's reputation and his ability to

10   retain his job or to obtain other employment.  He was shunned and avoided.

11        64.    The publicity created by defendants was offensive and objectionable to CLARK

12   and to a reasonable person of ordinary sensibilities in that it made CLARK the object of

13   suspicion of criminal intent, wrongdoing, moral turpitude and professional incompetence.

14        65.    The publicity created by defendants was done with malice in that it was made

15   either with knowledge of its falsity or in reckless disregard of its truth in that the HVLA, and its

16   individual Board members and administration were aware of and had access to CLARK's

17   personnel file and employment records.

18        66.    As a direct and proximate result of this breach of duty, plaintiff has suffered

19   substantial economic losses and mental and emotional harm, including, but not limited to, lost

20   wages, humiliation, mental anguish, embarrassment, loss of sleep, depression, as well as other

21   compensatory and consequential damages. He has also suffered pecuniary losses including cost

22   of relocating and costs of trying to find replacement employment.

23        67.    The conduct of defendants was willful, oppressive, fraudulent and malicious,

24   thereby entitling plaintiff to an award of punitive damages.

25                           **NINTH CAUSE OF ACTION**

26   **INTENTIONAL INVASION OF PRIVACY PLAINTIFF IN A FALSE LIGHT**

27        68.    Plaintiff realleges and incorporates by reference each and every allegation

28   contained in paragraphs 1 through 67, inclusive, as though fully set forth herein.

                                    13                    First Amended Complaint

1    69.    On information and belief, plaintiff alleges that defendants itself, through its

2    Board Member(s), General Manager and certain employees, and as directed by its General

3    Manager, caused others to purposely publish orally and in writing to a large number of people

4    and to the public in general unfair and inaccurate depictions of CLARK. The published

5    statements were defamatory and unprivileged information, including without limitation that

6    CLARK looked at pornography on his computer, embezzled funds, lost monies by failing to

7    charge players for golf at the golf course, and other purported facts it knew to be false and untrue

8    all for the purpose of harming CLARK's reputation and goodwill in the community and his

9    profession. The publications unfairly and inaccurately depicted CLARK in a false light. As a

10   result, CLARK has been exposed to disgrace, ridicule, hatred, contempt, and caused plaintiff to

11   be shunned or avoided and injured in his profession. He has also suffered emotional distress as a

12   result of defendant's wrongful conduct. The publications unfairly and inaccurately depicted

13   CLARK and were highly offensive to a reasonable person.

14   70.    On information and belief, plaintiff alleges that defendants published in writing,

15   or caused to be published in writing words which tended directly to injure CLARK with respect

16   to his office, profession, trade or business and done with fault and malice. It was done

17   intentionally or in reckless disregard of, the falsity of the publications and the false light in which

18   CLARK would be placed. Defendants acted negligently in failing to learn whether the

19   publications placed plaintiff in a false light. Since the false publications and his termination,

20   CLARK has applied for golf pro positions unsuccessfully.

21   71.    Defendant's written statements spawned an environment rife with innuendo,

22   speculation and rumor about CLARK and his personal and professional character, profession,

23   trade and business. Hidden Valley Lake is a small community. On information and belief,

24   plaintiff alleges it has a very tight-knit group. CLARK's termination was reported widely in

25   several editions of the Association's newsletter, and HVLA's several social media pages.

26   Plaintiff believes that rumors among HVLA were started or contributed to by Cindy Spears and

27   HVLA Board Members' various public writings. Such false innuendos have created a public

28   perception that CLARK was terminated for incompetence and moral turpitude reasons.

14                          First Amended Complaint

1    72.    The publications made by defendants were not privileged because defendants

2    published these statements with personal animosity, hatred, and ill will toward CLARK with the

3    intent to disgrace and injure plaintiff, to bring him into public disregard and cause the public to

4    hold him in contempt and ridicule. Their publications were to persons who were not interested

5    parties, and to those persons who do not stand in a relationship with an interested person.

6    73.    Such publications were false and injured CLARK's reputation and his ability to

7    retain his job or to obtain other employment. He was shunned and avoided.

8    74.    The publicity created by defendants was offensive and objectionable to CLARK

9    and to a reasonable person of ordinary sensibilities in that it made CLARK the object of

10    suspicion of criminal intent, wrongdoing, moral turpitude and professional incompetence.

11    75.    The publicity created by defendants was done with malice in that it was made

12    either with knowledge of its falsity or in reckless disregard of its truth in that the HVLA, and its

13    individual Board members and administration were aware of and had access to CLARK's

14    personnel file and employment records.

15    76.    As a direct and proximate result of this breach of duty, plaintiff has suffered

16    substantial economic losses and mental and emotional harm, including, but not limited to, lost

17    wages, humiliation, mental anguish, embarrassment, loss of sleep, depression, as well as other

18    compensatory and consequential damages. He has also suffered pecuniary losses including cost

19    of relocating and costs of trying to find replacement employment.

20    77.    The conduct of defendants was willful, oppressive, fraudulent and malicious,

21    thereby entitling plaintiff to an award of punitive damages.

22    **TENTH CAUSE OF ACTION**

23    **INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE AND BUSINESS**

24    **RELATIONS**

25    78.    Plaintiff realleges and incorporates by reference each and every allegation

26    contained in paragraphs 1 through 77, inclusive, as though fully set forth herein.

27    79.    Plaintiff CLARK had an economic relationship with the PGA as CLARK was a

28    professional golfer and obtained employment and income opportunities from said association.

15                    First Amended Complaint

1  This economic relationship contained the probability of future economic benefit to CLARK in

2  that had CLARK not been terminated he would have continued to receive income and benefits

3  from future employment in his profession and other professional activities.

4      80.    Defendant HVLA knew of the economic relationship between CLARK and the

5  PGA.

6      81.    On information and belief, HVLA intentionally intended to disrupt the economic

7  relationship between CLARK and the PGA and prospective employers.  This intent is evidenced

8  by the actions and words of Cindy Spears to other HVLA employees to contact the PGA for the

9  purpose of placing CLARK in a bad light, interfere with his good reputation and affiliation with

10  the PGA and also to interfere with CLARK's membership in the PGA.

11      82.    When CLARK was unable to find replacement employment, HVLA disrupted his

12  economic relationship and advantage as a golf professional.

13      83.    As a direct and proximate result of this breach of duty, plaintiff has suffered

14  substantial economic losses and mental and emotional harm, including, but not limited to, lost

15  wages, humiliation, mental anguish, embarrassment, loss of sleep, depression, as well as other

16  compensatory and consequential damages. He has also suffered pecuniary losses including cost

17  of relocating and costs of trying to find replacement employment.

18      84.    The conduct of defendants was willful, oppressive, fraudulent and malicious,

19  thereby entitling plaintiff to an award of punitive damages.

20                    **ELEVENTH CAUSE OF ACTION**

21  **VIOLATION OF LABOR CODE §§ 201 AND 203 FOR LATE PAYMENT OF WAGES**

22                        **ON TERMINATION**

23      85.    Plaintiff realleges and incorporates by reference each and every allegation

24  contained in paragraphs 1 through 84, inclusive, as though fully set forth herein.

25      86.    Plaintiff held an employment contract with defendants for which he received

26  commission wages as defined by CA Labor Code § 200.  Defendants terminated plaintiff on or

27  about April 15, 2015 without advance notice.  At the time of his termination from employment,

28  defendant HVLA failed to pay CLARK all commissions earned or were in process of being

                            16                     First Amended Complaint

1  earned as required by CA Labor Code § 201. Plaintiff did not secret or absent himself or avoid
2  defendant's payment to him.

3      87.    Wherefore plaintiff prays that defendants pay earned commissions in the amount
4  of proof at trial; penalties according to CA Labor Code § 203 for wages equivalent to his daily
5  rate for a period not to exceed 30 days; and attorneys' fees and costs pursuant to CA Labor Code
6  § 218.5.

7                          **TWELFTH CAUSE OF ACTION**

8          **VIOLATION OF LABOR CODE §§ 1101, 1102 AND 1102.5 FOR POLITICAL**
9                                  **ACTIVITIES**

10     88.    Plaintiff realleges and incorporates by reference each and every allegation
11  contained in paragraphs 1 through 87, inclusive, as though fully set forth herein.

12     89.    Plaintiff CLARK engaged in political activities protected by California Labor
13  Code. He protested to Board Members and Cindy Spears the wrongful termination of key
14  employees he was forced to terminate, protested actions Cindy Spears was taking with regard to
15  her handling of union employees and their union activities, and protested activities being taken
16  which interfered with member residents of Hidden Valley entitlements to golf amenities provided
17  by the Restated Bylaws of Hidden Valley Lake and the Declaration of Covenants, Conditions and
18  Restrictions of Hidden Valley Lake Association. All of the above activities would be deemed
19  political activities protected by the California Labor Code.

20     90.    Defendants terminated CLARK for engaging in these and other political activities.

21     91.    Wherefore plaintiff prays that defendants pay all damages for such wrongful
22  termination in violation of the Labor Code according to proof at trial; penalties and attorneys'
23  fees and costs.

24                       **THIRTEENTH CAUSE OF ACTION**

25       **RETALIATION IN VIOLATION OF CALIFORNIA PUBLIC POLICY**

26     92.    Plaintiff realleges and incorporates herein by reference each and every allegation
27  contained in paragraphs 1 through 91 inclusive, as though fully set forth herein.

28     93.    Public policies set forth in the California Labor Code § § 1101, 1102 and 1102.5

                                        17                    First Amended Complaint

1  provide that plaintiff shall not be disqualified from pursuing a business or profession because he
2  complained of wrongful employment practices and participated in political activities.

3  94.     At all times herein mentioned, California Labor Code § § 1101, 1102 and 1102.5
4  were in full force and effect and were binding upon defendants, and each of them. Said statutes
5  require defendants in their capacity as employers to refrain from retaliating against employees for
6  engaging in protected activities.  Such public policy inures to the benefit of the public at large.

7  95.     When defendants terminated plaintiff, plaintiff belonged to the protected class for
8  retaliation as he had been engaged in a protected activity.  His termination was in violation of
9  public policy in that they discharged plaintiff, prevented him from doing his job and breached his
10  employment agreement and denied him the conditions and privileges of his employment because
11  of his protests of wrongful treatment of employees all of which led to his termination.

12  96.     Plaintiff complained of his retaliation by Cindy Spears to the Human Resources
13  Director who did nothing about his complaints.

14  97.     At all times during his employment and thereafter, plaintiff was ready, willing and
15  able to perform his job duties and would have done so had he not been wrongfully terminated.

16  98.     As a direct and proximate result of defendants' retaliatory and wrongful conduct
17  in violation of public policy, plaintiff has suffered and continues to suffer a substantial loss of
18  earnings and other employment benefits and has suffered and continues to suffer humiliation and
19  mental anguish all to plaintiff's damage in an amount not yet ascertained, but within the
20  minimum jurisdiction of this Court.  Plaintiff will seek leave to amend this claim and insert the
21  amount when the same is ascertained or on proof thereof.

22  99.     The conduct of defendants was willful, oppressive, fraudulent and malicious,
23  thereby entitling plaintiff to an award of punitive damages.

24  **PRAYER FOR RELIEF**

25  Plaintiff requests such damages from defendants as to be proved at trial as follows:

26  1.     For a money judgment representing general and compensatory damages including
27  lost past and future wages, earnings, retirement benefits and other employee benefits, government
28  service credits and all other sums of money, together with prejudgment interest on those

18                    First Amended Complaint

1    amounts.

2        2.        For all general and compensatory damages incurred from the lasting harm to

3    CLARK's professional reputation and other monetary relief according to proof.

4        3.        For a money judgment for mental pain and anguish and emotional distress.

5        4.        For costs of suit herein incurred.

6        5.        Reasonable attorneys' fees pursuant to the employment agreement and common

7    and/or statutory law of the State of California.

8        6.        For punitive damages.

9        7.        For prejudgment and post-judgment interest.

10       8.        For such other and further relief as the Court may deem just and proper.

11

12                              **JURY DEMAND**

13       CLARK  hereby demands a trial by jury of all issues in this case.

14

15

16   Dated: October 21, 2016                    LAW OFFICES OF KATHLEEN A. HERDELL

17

18                                              _____
                                                Attorneys for plaintiff WAYNE CLARK
19

20

21

22

23

24

25

26

27

28

                                        19                        First Amended Complaint

**PROOF OF SERVICE**

Case Name:    Clark v. Hidden Valley Lake Association *et al.*
Court:           United States District Court, Northern District of California
Case No.:      3:16-CV-02009

     I am a resident of the United States and of the State of California. I am employed in the County of Napa. My business address is 340 McCormick Street, Suite C, St. Helena, California. My business telephone is (707) 963-3800; fax number (707) 963-2622. I am over the age of eighteen years. I am not a party to the within action or proceeding. On October 21, 2016, I served the following document(s):

**FIRST AMENDED COMPLAINT FOR: BREACH OF CONTRACT; BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; VIOLATION OF CALIFORNIA CONSTITUTION ARTICLE 1, SECTION 1; DEFAMATION; NEGLIGENT SUPERVISION; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; LIBEL; INTENTIONAL INVASION OF PRIVACY PLACING PLAINTIFF IN A FALSE LIGHT; RETALIATION IN VIOLATION OF CALIFORNIA PUBLIC POLICY; INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE AND BUSINESS RELATIONS; VIOLATION OF LABOR CODE §§ 201 AND 203 FOR LATE PAYMENT OF WAGES ON TERMINATION; VIOLATION OF LABOR CODE §§ 1101, 1102 AND 1102.5 FOR POLITICAL ACTIVITIES.**

\_\_\_\_\_    I am familiar with the practice of the Law Offices of Kathleen A. Herdell for the collection and processing of correspondence for mailing with the United States Postal Service. In accordance with the ordinary course of business, the above-mentioned document(s) would have been deposited with the United States Postal Service on the same day on which it was placed at the Law Offices of Kathleen A. Herdell for deposit.

  X    by placing, or causing to be placed, a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Napa County, California, addressed as set forth below. (CCP §1012, 1013, and 1013(a))

\_\_\_\_\_    by personally delivering, or causing to be delivered, a true copy thereof to the person(s) and at the address(es) set forth below. (CCP §1011) Time:     Person served:

\_\_\_\_\_    by causing a true copy thereof to be delivered to the person(s) at the address(es) set forth below, by and/or through the services of:

    a.    \_\_\_\_\_ United Parcel Service
    b.    \_\_\_\_\_ Federal Express
    c.    \_\_\_\_\_ Express Mail
    d.    \_\_\_\_ Electronic/Email: from electronic address: rita@herdell.com to the electronic address(es) listed below.

| | |
|---|---|
| Victor C. Thuesen | William A. Munoz      Email: WMunoz@mpbf.com |
| 11 Western Avenue | Heather A. Barnes      HBarnes@mpbf.com |
| Petaluma, CA  94952 | Murphy, Pearson, Bradley & Feeney |
| Attorney for Plaintiff | 520 Capitol Mall, Suite 250 |
| Email: vthuesen@sbcglobal.net | Sacramento, CA  95814 |

     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: October 21, 2016

*Kathleen A. Herdell*
Kathleen A. Herdell

FIRST AMENDED COMPLAINT         3:16-CV-02009-SI