Victor C. Thuesen, SBN 92467
LAW OFFICES OF VICTOR C. THUESEN
11 Western Avenue
Petaluma, California 94952
Telephone: (707) 763-5030
Fax: (707) 763-1848
email: vthuesen@sbcglobal.net

Attorneys for Plaintiff WAYNE CLARK

William Munoz, SBN 191649
Heather Barnes, SBN 263107
MURPHY PEARSON BRADLEY & FEENEY
520 Capital Mall, Suite 250
Sacramento, CA 95814
Telephone: 916-565-0300
Fax: 916-565-1636
Email: wmunoz@mpbf.com
      hbarnes@mpbf.com

Attorneys for Defendant Hidden Valley Lake Association

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE CLARK,<br><br>    Plaintiff,<br><br>vs.<br><br>HIDDEN VALLEY LAKE<br>ASSOCIATION, INC., et al.,<br><br>    Defendants. | No. 3:16-cv-2009 SI<br><br>STIPULATION TO FILING OF<br>SECOND AMENDED COMPLAINT<br>AND (PROPOSED) ORDER THEREON |

Plaintiff WAYNE CLARK and Defendant HIDDEN VALLEY LAKE ASSOCIATION hereby stipulate to the following:

1. At the Case Management Conference of March 24, 2017, the parties agreed to file a Stipulation and Proposed Order amending the First Amended Complaint by dismissing the Twelfth and Thirteenth Causes of Action and to attach the (Proposed) Amended Complaint to the stipulation. The Court entered an Order that such be done;

2. The parties have subsequently agreed to amending the First Amended Complaint

by dismissing as well the First and Second Causes of Action, for Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing, respectively;

3. The parties further agree that, aside from the dismissals of the First, Second, Twelfth and Thirteen Causes of Action, the (Proposed) Second Amended Complaint does not change the substance of the remaining Causes of Action and that Defendant's Answer to the First Amended Complaint shall be deemed to be the Answer to the Second Amended Complaint;

4. A true and correct copy of the (Proposed) Second Amended Complaint incorporating the above described amendments is appended hereto;

5. The dates established by the Pretrial Preparation Order of December 12, 2016, as amended, will not be disturbed by the filing of the (Proposed) Second Amended Complaint.

Dated: May 26, 2017   LAW OFFICE OF VICTOR C. THUESEN

By /s/ Victor C. Thuesen
    Victor C. Thuesen
    Attorney for Plaintiff WAYNE CLARK

Dated: May 26, 2017   MURPHY, PEARSON, BRADLEY & FEENEY

By /s/ William A. Munoz
    William A. Munoz
    Attorneys for Defendant
    HIDDEN VALLEY LAKE ASSOCIATION

~~(PROPOSED)~~ ORDER GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT

Pursuant to the Stipulation of the Parties, and good cause appearing, it is ORDERED that the (Proposed) Second Amended Complaint attached hereto may be filed with the Court within _ days of this Order and that Defendant Hidden Valley Lake Association's Answer to the First Amended Complaint shall be deemed its Answer to the Second Amended Complaint.

Dated: 5/31/2017

    SUSAN ILLSTON
    United States District Judge

VICTOR C. THUESEN, SBN 92467
LAW OFFICE OF VICTOR C. THUESEN
11 WESTERN AVENUE
PETALUMA, CA 94952
Telephone: 707-763-5030
Fax: 707-763-1848
vthuesen@sbcglobal.net

Attorney for Plaintiff WAYNE CLARK

IN THE UNITED STATES DISTRICT COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE CLARK,<br>    Plaintiff,<br> vs.<br>HIDDEN VALLEY LAKE ASSOCIATION, INC., and DOES 1 through 20,<br>    Defendants. | NO. 3:16-CV-2009 SI<br><br>(PROPOSED) SECOND AMENDED COMPLAINT FOR VIOLATION OF PRIVACY, CALIFORNIA CONSTITUTION, ARTICLE I, SECTION 1; DEFAMATION; NEGLIGENT SUPERVISION; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; LIBEL; FALSE LIGHT INVASION OF PRIVACY; INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE AND BUSINESS RELATIONS; VIOLATION OF LABOR CODE §§201 AND 203 FOR LATE PAYMENT OF WAGES<br><br>JURY TRIAL DEMANDED |

## JURISDICTION AND VENUE

Plaintiff WAYNE CLARK respectfully alleges and complains against the above-named defendants, HIDDEN VALLEY LAKE ASSOCIATION and DOES 1-20, inclusive, and each of them, and demands a jury trial of all issues and causes of action, as follows:

1. This is an action brought pursuant to 28 U.S.C. § 1332 as complete diversity exists between the parties.

2. Plaintiff WAYNE CLARK ("CLARK" or "Plaintiff") resides in the State of Washington. Defendant HIDDEN VALLEY LAKE ASSOCIATION ("Defendant" or "HVLA") is incorporated in the State of California and has its current place of business in Lake County in the

FIRST AMENDED COMPLAINT - CASE NO. 3:16-CV-2009 SI

State of California.

3. The true names and capacities, whether individual, corporate, government, associate or otherwise, of Defendants sued herein as Does 1 to 20, inclusive, are unknown to plaintiff at this time and plaintiffs therefore sue said Defendants by such fictitious names. Plaintiff will seek leave to amend this First Amended Complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as a Doe is in some manner responsible for the occurrences and injuries alleged herein. Plaintiff believes all Doe Defendants are residents of the State of California.

4. The true names and capacities, whether individual, corporate, government, associate or otherwise, of Defendants sued herein as Does 1 to 20, inclusive, are unknown to plaintiff at this time and plaintiffs therefore sue said Defendants by such fictitious names. Plaintiff will seek leave to amend this First Amended Complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as a Doe is in some manner responsible for the occurrences and injuries alleged herein. Plaintiff believes all Doe Defendants are residents of the State of California.

5. CLARK is informed and believes and thereon alleges that at all times herein mentioned, except where explicitly specified otherwise, each and every Defendant was the agent and employee of each and every other Defendant, and in doing the things, acts and omissions hereinafter alleged, was acting within the course and scope of such agency and employment, and in so doing was acting with the consent, permission, and authorization of each of the remaining Defendants. All actions of each Defendant as herein alleged were ratified and approved by the officers or managing agents of each and every other Defendant.

## FIRST CAUSE OF ACTION

VIOLATION OF CALIFORNIA CONSTITUTION, ARTICLE 1, SECTION 1

6. Plaintiff is a professional golfer. He was hired in 2011 to serve as Defendant's Director of Golf.

7. On April 15, 2015, HVLA General Manager Cindy Spears ("Spears") gave verbal notice to plaintiff CLARK that HVLA was terminating his contract for no cause effective that day.

1    8.    CLARK was a very popular employee of HVLA. In order to justify CLARK'S termination Spears engaged in a course of conduct and action to impugn CLARK's personal and professional reputation. In the months following Clark's termination, Spears manufactured information about Clark's performance as the Director of Golf that was untrue. She conveyed this information to individuals that had no reason to know of it even if it were true. The information included claims that Clark had embezzled funds of the Association, that he drank alcohol and watched pornography while working, that he was going to be arrested for criminal conduct and that he had engaged in fraud, dereliction of duties and theft, all of which she knew were untrue. She told nonHVLA employees about such scurrilous and scandalous information about CLARK with the intent that the nonHVLA employees would gossip about CLARK and publish the false information on social media, including Facebook. The result was that certain nonHVLA employees posted false information on Facebook and other websites that were intended to support the idea that CLARK had been terminated for the conduct described herein. Spears conveyed such information as well to employees of HVLA that had no reason to know of such information. She also started ~~the~~ rumors that CLARK had been terminated "for cause."

9.    Prior to his termination, CLARK had never been given a negative performance evaluation and had performed his duties well at all times. He was never informed of deficient performance or given any opportunity to respond as was required by the terms of his employment contract and HLVA's practice and procedure associated with those terms.

10.   In addition to the foregoing, Spears started rumors about CLARK that she knew to be untrue including that he had inappropriately taken monies from the HVLA golf shop; that he failed to charge all people for playing golf even though it was required; that he had pornography on his computer; that he mismanaged the golf operation budget and increased HVLA subsidization from HVLA funds; that his employment contract was illegal and invalid; that he did not pay for food or drinks at the HVLA bar**;** that he made fraudulent use of his credit card, and; that HVLA paid for CLARK's participation in golf tournaments inappropriately.

11.   At all times during and following CLARK's employment with HVLA, he had the right to have his personnel information kept private. Spears violated this right when she purposefully,

knowingly and willingly disclosed information regarding CLARK's confidential employment terms, her unsupported claims about CLARK'S performance and conduct as alleged herein and other confidential personnel information for the purpose of impugning his reputation and justifying his termination for cause.

12. As a direct and proximate result of Defendants' violation of his Constitutional right to privacy in his employment information, CLARK has suffered and continues to suffer a substantial loss of earnings and other employment benefits that he would have received in post-termination employment had Defendants not involved itself in publishing false and harmful information about his employment with Defendant as herein alleged. Plaintiff has also suffered and continues to suffer emotional harm, humiliation and mental anguish all to Plaintiff's damage.

13. The conduct of Defendants was willful, oppressive, fraudulent and malicious, thereby entitling Plaintiff to an award of punitive damages.

## SECOND CAUSE OF ACTION

### DEFAMATION

14. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through _, inclusive, as though fully set forth herein.

15. On information and belief, Plaintiff asserts that Defendant HVLA or its agents, orally uttered to others, or caused to be published, that CLARK was an incompetent employee, or words to that effect, and that any problems with the golf operations at HVLA were caused by CLARK.

16. On information and belief, Plaintiff further alleges that Spears orally uttered to others, or caused to be published, that CLARK was negligent in the performance of his duties and that she further orally uttered to others, or caused to be published, words which tended directly to injure CLARK with respect to his office, profession, trade or business. Among other things, Spears deliberately represented to individuals that were neither employed by nor officers or representatives of HVLA that CLARK was going to be arrested for criminal conduct including fraud, dereliction of duties, theft and embezzlement, all of which she knew were untrue. She made these claims to nonHVLA employees with the intent that the nonHVLA employees would gossip about CLARK and publish the false information on social media, including Facebook. The result was that certain

nonHVLA employees posted false information on Facebook and other websites that appeared to support the idea that CLARK had actually committed such actions and was a scurrilous man.

17. The utterances and publications made by Defendants were not privileged because Defendants published these statements with personal animosity, hatred and ill will toward CLARK, and they were published to persons who were not interested, and to persons who do not stand in a relationship with an interested person.

18. Such publications were false and injured CLARK's reputation and his ability to retain his job or to obtain other employment.

19. The publicity created by Defendants was offensive and objectionable to CLARK and to a reasonable person of ordinary sensibilities in that Spear's defamatory statements were the catalyst for CLARK's termination and continued for a significant period of time after CLARK'S termination and have precluded CLARK from finding comparable replacement employment.

20. The publicity created by Defendants was done with malice in that it was made either with knowledge of its falsity or in reckless disregard of its truth.

21. As a direct and proximate result of Defendants' defamatory statements, CLARK suffered and continues to suffer a substantial loss of earnings and other employment benefits and has suffered and continues to suffer humiliation and mental anguish all to plaintiff's damage in an amount not yet ascertained, but within the minimum jurisdiction of this Court. Plaintiff will seek leave to amend this Second Amended Complaint and insert the amount when the same is ascertained or on proof thereof.

22. The conduct of Defendants was willful, oppressive, fraudulent and malicious, thereby entitling plaintiff to an award of punitive damages.

### THIRD CAUSE OF ACTION
### NEGLIGENT SUPERVISION

23. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 22, inclusive, as though fully set forth herein.

24. Plaintiff alleges that Defendant HVLA owes all of its employees a duty to supervise its employees in a manner consistent with common law. As an employee of HVLA, HVLA owed

1 | CLARK this same duty.

2 | 25. HVLA breached its duty to CLARK by failing to supervise ~~Cindy~~ Spears and discipline her appropriately upon notice of her unsafe, unhealthy, and unlawful conduct even though it knew or should have known from complaints by CLARK and other employees that ~~Cindy~~ Spears was abusing her office, mistreating employees, making false statements about them, violating their right to privacy by discussing confidential employment information with people who had no need to know and creating a negative and abusive work environment.

26. As a direct and proximate result of this breach of duty, Plaintiff has suffered substantial economic losses and mental and emotional harm, including, but not limited to lost wages, humiliation, mental anguish, embarrassment, loss of sleep, depression, as well as other compensatory and consequential damages. He has also suffered pecuniary losses including the costs of relocating and ~~costs of~~ trying to find replacement employment.

27. The conduct of Defendants was willful, oppressive, fraudulent and malicious, thereby entitling plaintiff to an award of punitive damages.

## FOURTH CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

28. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 27, inclusive, as though fully set forth herein.

29. In terminating plaintiff for conduct and reasons that were not accurate, Defendants could foresee that plaintiff would suffer great emotional distress. In purposely stating purported facts she knew to be untrue for the purpose of harming CLARK's reputation and goodwill in the community and his profession, Cindy Spears negligently caused plaintiff great emotional distress. Plaintiff did and does in fact suffer such distress.

30. As a direct and proximate result of this breach of duty, plaintiff has suffered substantial economic losses and mental and emotional harm, including, but not limited to lost wages, humiliation, mental anguish, embarrassment, loss of sleep, depression, as well as other compensatory and consequential damages. He has also suffered pecuniary losses including the costs of relocating and trying to find replacement employment.

31. The conduct of Defendants was willful, oppressive, fraudulent and malicious, thereby entitling plaintiff to an award of punitive damages.

## FIFTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

32. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 31, inclusive, as though fully set forth herein.

33. On information and belief, plaintiff alleges that Defendants orally uttered to others, or caused to be published, direct statements and statements by innuendo that CLARK was negligent in the performance of his duties, and purposely stating purported facts she knew to be untrue for the purpose of harming CLARK's reputation and goodwill in the community and his profession, Cindy Spears intentionally caused plaintiff great emotional distress. Plaintiff did and does in fact suffer such distress.

34. On information and belief, Plaintiff alleges that Defendants orally uttered to others, or caused to be published words which tended directly to injure CLARK with respect to his office, profession, trade or business. Since his termination, CLARK has applied for golf pro positions unsuccessfully.

35. Defendant's statements spawned an environment rife with innuendo, speculation and rumor about CLARK and his personal and professional character, profession, trade and business. Hidden Valley Lake is a small community. On information and belief, plaintiff alleges it has a very tight-knit group. CLARK's termination was reported widely in several editions of the Association's newsletter, and HVLA's several social media pages. Plaintiff believes that rumors among HVLA were started or contributed to by Cindy Spears and HVLA Board Members' various public comments. Such innuendos have created a public perception that CLARK was terminated for incompetence in his profession and other wrongs involving moral turpitude.

36. The utterances and publications made by Defendants were not privileged because Defendants published these statements with personal animosity, hatred, and ill will toward CLARK with the intent to disgrace and injure Plaintiff, to bring him into public disregard and

cause the public to hold him in contempt and ridicule. The statements were published to those persons who were not interested parties and to those persons who do not stand in a relationship with an interested person.

37. Such publications were false and injured CLARK's reputation and his ability to retain his job or to obtain other employment.

38. The publicity created by Defendants was offensive and objectionable to CLARK and to a reasonable person of ordinary sensibilities in that it made CLARK the object of suspicion of criminal intent, wrongdoing, moral turpitude and professional incompetence.

39. The publicity created by Defendants was done with malice in that it was made either with knowledge of its falsity or in reckless disregard of its truth in that the HVLA, and its individual Board members and administration were aware of and had access to CLARK's personnel file and employment records.

40. As a direct and proximate result of this breach of duty, plaintiff has suffered substantial economic losses and mental and emotional harm, including, but not limited to lost wages, humiliation, mental anguish, embarrassment, loss of sleep, depression, as well as other compensatory and consequential damages. He has also suffered pecuniary losses including the costs of relocating and ~~costs of~~ trying to find replacement employment.

41. The conduct of Defendants was willful, oppressive, fraudulent and malicious, thereby entitling plaintiff to an award of punitive damages.

## SIXTH CAUSE OF ACTION

### LIBEL

42. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 41, inclusive, as though fully set forth herein.

43. On information and belief, plaintiff alleges that Defendants, through its Board Member(s), General Manager and certain employees, and as directed by its General Manager, caused others to purposely to publish in writing defamatory, unprivileged information publicly, including without limitation that CLARK looked at pornography on his computer, embezzled funds, lost monies by failing to charge players for golf at the golf course, and other purported

facts it knew to be false and untrue all for the purpose of harming CLARK's reputation and goodwill in the community and his profession. As a result, CLARK has been exposed to disgrace, ridicule, hatred, contempt, and caused plaintiff to be shunned or avoided and injured in his profession. He has also suffered emotional distress as a result of Defendant's wrongful conduct.

44. On information and belief, plaintiff alleges that Defendants published in writing, or caused to be published in writing words which tended directly to injure CLARK with respect to his office, profession, trade or business and done with fault and malice. Since his termination, CLARK has applied for golf pro positions unsuccessfully.

45. Defendant's written statements spawned an environment rife with innuendo, speculation and rumor about CLARK and his personal and professional character, profession, trade and business. Hidden Valley Lake is a small community. On information and belief, plaintiff alleges it has a very tight-knit group. CLARK's termination was reported widely in several editions of the Association's newsletter, and HVLA's several social media pages. Plaintiff believes that rumors among HVLA were started or contributed to by Cindy Spears and HVLA Board Members' various public writings. Such false innuendos have created a public perception that CLARK was terminated for incompetence and moral turpitude reasons.

46. The publications made by Defendants were not privileged because Defendants published these statements with personal animosity, hatred, and ill will toward CLARK with the intent to disgrace and injure plaintiff, to bring him into public disregard and cause the public to hold him in contempt and ridicule. The publications were to persons who were not interested parties and to those persons who do not stand in a relationship with an interested person.

47. Such publications were false and injured CLARK's reputation and his ability to retain his job or to obtain other employment. He was shunned and avoided.

48. The publicity created by Defendants was offensive and objectionable to CLARK and to a reasonable person of ordinary sensibilities in that it made CLARK the object of suspicion of criminal conduct, wrongdoing, moral turpitude and professional incompetence.

49. The publicity created by Defendants was done with malice in that it was made

1 | either with knowledge of its falsity or in reckless disregard of its truth in that the HVLA, and its
2 | individual Board members and administration were aware of and had access to CLARK's
3 | personnel file and employment records.

50. As a direct and proximate result of this breach of duty, plaintiff has suffered substantial economic losses and mental and emotional harm, including, but not limited to, lost wages, humiliation, mental anguish, embarrassment, loss of sleep, depression, as well as other compensatory and consequential damages. He has also suffered pecuniary losses including the costs of relocating and ~~costs of~~ trying to find replacement employment.

51. The conduct of Defendants was willful, oppressive, fraudulent and malicious, thereby entitling plaintiff to an award of punitive damages.

## SEVENTH CAUSE OF ACTION

## FALSE LIGHT INVASION OF PRIVACY

52. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 51, inclusive, as though fully set forth herein.

53. On information and belief, Plaintiff alleges that Defendants, ~~itself,~~ through ~~its~~ Board Member(s), HVLA's General Manager and certain employees, and as directed by its General Manager, caused others to purposely publish orally and in writing to a large number of people and to the public in general unfair and inaccurate depictions of CLARK. The published statements were defamatory and unprivileged information, including without limitation that CLARK looked at pornography on his computer, embezzled funds, lost monies by failing to charge players for golf at the golf course, and other purported facts it knew to be false and untrue all for the purpose of harming CLARK's reputation and goodwill in the community and his profession. The publications unfairly and inaccurately depicted CLARK in a false light. As a result, CLARK has been exposed to disgrace, ridicule, hatred, contempt, and caused plaintiff to be shunned or avoided and injured in his profession. He has also suffered emotional distress as a result of Defendant's wrongful conduct. The publications unfairly and inaccurately depicted CLARK and were highly offensive to a reasonable person.

54. On information and belief, Plaintiff alleges that Defendants published in writing,

~~FIRST~~ AMENDED COMPLAINT - CASE NO. 3:16-CV-2009 SI                                              10

or caused to be published in writing, words which tended directly to injure CLARK with respect to his office, profession, trade or business and done with fault and malice. It was done intentionally or in reckless disregard of the falsity of the publications and the false light in which CLARK would be placed. Defendants acted negligently in failing to learn whether the publications placed plaintiff in a false light. Since the false publications and his termination, CLARK has applied for golf pro positions unsuccessfully.

55. Defendant's written statements spawned an environment rife with innuendo, speculation and rumor about CLARK and his personal and professional character, profession, trade and business. Hidden Valley Lake is a small community. On information and belief, plaintiff alleges it has a very tight-knit group. CLARK's termination was reported widely in several editions of the Association's newsletter, and HVLA's several social media pages. Plaintiff believes that rumors among HVLA were started or contributed to by Cindy Spears and HVLA Board Members' various public writings. Such false innuendos have created a public perception that CLARK was terminated for incompetence and moral turpitude reasons.

56. The publications made by Defendants were not privileged because Defendants published these statements with personal animosity, hatred, and ill will toward CLARK with the intent to disgrace and injure plaintiff, to bring him into public disregard and cause the public to hold him in contempt and ridicule. Their publications were to persons who were not interested parties, and to those persons who do not stand in a relationship with an interested person.

57. Such publications were false and injured CLARK's reputation and his ability to retain his job or to obtain other employment. He was shunned and avoided.

58. The publicity created by Defendants was offensive and objectionable to CLARK and to a reasonable person of ordinary sensibilities in that it made CLARK the object of suspicion of criminal intent, wrongdoing, moral turpitude and professional incompetence.

59. The publicity created by Defendants was done with malice in that it was made either with knowledge of its falsity or in reckless disregard of its truth in that the HVLA, and its individual Board members and administration were aware of and had access to CLARK's personnel file and employment records.

1    60.    As a direct and proximate result of this breach of duty, plaintiff has suffered substantial economic losses and mental and emotional harm, including, but not limited to, lost wages, humiliation, mental anguish, embarrassment, loss of sleep, depression, as well as other compensatory and consequential damages. He has also suffered pecuniary losses including the costs of relocating and ~~costs of~~ trying to find replacement employment.

61.    The conduct of Defendants was willful, oppressive, fraudulent and malicious, thereby entitling plaintiff to an award of punitive damages.

## EIGHTH CAUSE OF ACTION

## INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE AND BUSINESS RELATIONS

62.    Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 61, inclusive, as though fully set forth herein.

63.    Plaintiff CLARK had an economic relationship with the Professional Golf Association ("PGA") as CLARK was a professional golfer and obtained notice of employment and income opportunities from said association. This economic relationship included the probability of future economic benefit to CLARK in that had CLARK not been terminated he would have continued to receive income and benefits from future employment in his profession and other professional activities.

64.    Defendant HVLA knew of the economic relationship between CLARK and the PGA.

65.    On information and belief, HVLA intentionally intended to disrupt the economic relationship between CLARK and the PGA and prospective employers. This intent is evidenced by the actions and words of Cindy Spears to other HVLA employees to contact the PGA for the purpose of placing CLARK in a bad light, interfere with his good reputation and affiliation with the PGA and also to interfere with CLARK's membership in the PGA.

66.    Plaintiff alleges on information and belief that his inability to secure comparable employment resulted from HVLA's disruption of his economic relationship with the PGA.

67.    As a direct and proximate result of this breach of duty, plaintiff has suffered

substantial economic losses and mental and emotional harm, including, but not limited to, lost wages, humiliation, mental anguish, embarrassment, loss of sleep, depression, as well as other compensatory and consequential damages. He has also suffered pecuniary losses including the costs of relocating and trying to find replacement employment.

68. The conduct of Defendants was willful, oppressive, fraudulent and malicious, thereby entitling plaintiff to an award of punitive damages.

## NINTH CAUSE OF ACTION

## VIOLATION OF LABOR CODE §§ 201 AND 203

69. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 70, inclusive, as though fully set forth herein.

70. Plaintiff held an employment contract with Defendants for which he received commission wages as defined by California Labor Code §200. Defendants terminated plaintiff on or about April 15, 2015 without advance notice. At the time of his termination from employment, Defendant HVLA failed to pay CLARK all commissions earned or were in process of being earned as required by California Labor Code §201. Plaintiff did not secret or absent himself or avoid Defendant's payment to him.

71. Wherefore plaintiff prays that Defendants pay earned commissions in the amount of proof at trial; penalties according to California Labor Code §203 for wages equivalent to his daily rate for a period not to exceed 30 days; and attorneys' fees and costs pursuant to California Labor Code §218.5.

## PRAYER FOR RELIEF

Plaintiff requests such damages from Defendants as to be proved at trial as follows:

1. For a money judgment representing general and compensatory damages including lost past and future wages, earnings, retirement benefits and other employee benefits, ~~government service credit~~s and all other sums of money, together with prejudgment interest on those amounts.

2. For all general and compensatory damages incurred for the lasting harm to CLARK's professional reputation and other monetary relief.

|  |  |  |
|---|---|---|
| 1 | 3. | For a money judgment for mental pain and anguish and emotional distress. |
| 2 | 4. | For costs of suit herein incurred. |
| 3 | 5. | For reasonable attorneys' fees. |
| 4 | 6. | For punitive damages. |
| 5 | 7. | For prejudgment and post-judgment interest. |
| 6 | 8. | For such other and further relief as the Court may deem just and proper. |

## JURY DEMAND

CLARK hereby demands a trial by jury of all issues in this case.

Dated: May 26, 2017

                                              LAW OFFICES OF VICTOR C. THUESEN

                                              _____
                                              VICTOR C. THUESEN
                                              Attorney for Plaintiff WAYNE CLARK