UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE CLARK,<br><br>    Plaintiff,<br><br>    v.<br><br>HIDDEN VALLEY LAKE ASSOCIATION,<br><br>    Defendant. | Case No. 3:16-cv-02009-SI<br><br>FINAL PRETRIAL SCHEDULING ORDER |

On January 18, 2018, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning January 29, 2018. All parties were represented by counsel. The following matters were resolved:

**1.** **Number of jurors and challenges:** There will be a jury of 8 members. Each side shall have 4 peremptory challenges.

**2.** **Voir dire:** The Court will conduct general voir dire, including various of the questions requested by counsel in their proposed additional voir dire filings. Counsel for each side shall have up to 15 minutes total to question the panel. The parties are directed to meet and confer concerning a neutral, non-argumentative statement of the case which can be read to the jury panel at the beginning of the voir dire process; **this statement shall be provided to the Court no later than Friday, January 26, 2018 at 3:00 p.m.**

**3.** **Jury instructions:** The Court received proposed jury instructions from the parties; substantial disagreements remain between the parties. The parties are directed to meet and confer

to resolve as many disputes as possible. **The parties are further directed to provide to the Court no later than Friday, February 2, 2018** a succinct statement of the fundamental disagreements in the substantive instructions, together with the (few) competing instructions reflecting those disagreements. The Court will review same and inform counsel prior to closing argument which substantive instructions will be given.

**4. Trial exhibits:** No later than Friday, January 26, 2018, the parties shall submit their trial exhibits, in binders with numbered tabs separating and identifying each exhibit. The Court shall be provided with three sets (the originals for the file, one set for the Court and one set for the witnesses).

**5. Timing of trial:** Plaintiff estimates that the trial should take 8-10 days. However, the Court reviewed the witness lists of the parties and observed that many of the listed witnesses have similar or entirely duplicative testimony to provide. At the Pretrial Conference, defense counsel stated that he had been overinclusive and did not actually expect to call all the listed witnesses. Having discussed the matter with the parties, and having emphasized that only the defamation-type claims, as opposed to wrongful termination or breach of contract claims, remain in the case, the Court determined that the case can be tried in 8 days (1 day for voir dire and opening, 1 day for closing and instructions, and 6 days for presentation of evidence), as follows: each side shall have up to 45 minutes to present opening statements; each side shall have 15 hours total for presentation of evidence, which includes direct and cross-examination and presentation of all exhibits; and each side shall have up to 1 hour for closing argument.

**6. Trial schedule:** Jury selection will begin on January 29, 2018 at 8:30 a.m. The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 30 minute

break at noon and a 15 minute break at 2:00 p.m., all times approximate. The Court does not hear trials on Fridays, although juries may continue to deliberate on Fridays.

**7.     Motions in limine:** The parties filed 26 motions in limine. Defendant has opposed all of plaintiff's five motions. Dkt. Nos. 124-126, 129. Plaintiff has opposed thirteen of defendant's twenty-one motions. Dkt. Nos. 130-140, 148, 150. Defendant has also filed a motion to seal excerpts of its motion in limine no. 19. Dkt. No. 127. After consideration of the arguments made in the briefs and at the pretrial conference, the Court rules as follows:

**Plaintiff's Motion No. 1 (to preclude defendant from offering evidence that contradicts Rule 30(b)(6) deposition testimony from February 16, 2017):** DENIED without prejudice to raising specific objections at the time of trial.

**Plaintiff's Motion No. 2 (to preclude defendant from offering evidence that the initial complaint was amended or that any causes of action were dismissed before trial):** GRANTED.

**Plaintiff's Motion No. 3 (to preclude defendant from offering any evidence related to the fact that plaintiff's wife was employed by HVLA):** DENIED without prejudice to raising specific objections at the time of trial.

**Plaintiff's Motion No. 4 (to preclude defendant from offering any evidence related to the fact that plaintiff's wife filed a complaint against Spears with the Lake County Sheriff's Department):** DENIED without prejudice to raising specific objections at the time of trial. However, if defendant seeks to admit this evidence, it must first make an offer of proof.

**Plaintiff's Motion No. 5 (to exclude "Go Fund Me" evidence):** DENIED without prejudice to raising specific objections at the time of trial. However, if defendant seeks to admit this evidence, it must first make an offer of proof.

**Defendant's Motion No. 1 (to bifurcate punitive damages):** DENIED. Defendant may raise specific objections to evidence of its wealth or financial condition at the time of trial.

**Defendant's Motion No. 2 (to exclude evidence of prior arrests or non-felony**

3

**convictions of Cindy Spears):** GRANTED. Plaintiff does not oppose.

**Defendant's Motion No. 3 (to exclude evidence of prior and/or pending lawsuits against HVLA):** GRANTED. Plaintiff does not oppose.

**Defendant's Motion No. 4 (to exclude evidence pertaining to Cindy Spears's alleged prescription drug and alcohol use):** GRANTED, with respect to evidence pertaining to Spears's alleged prescription drug use. The remainder of the motion is DENIED without prejudice to raising specific objections at the time of trial. The Court will not exclude non-hearsay observations of Spears's conduct.

**Defendant's Motion No. 5 (to exclude any allegedly defamatory statements by Spears prior to April 15, 2015):** DENIED without prejudice to raising specific objections at the time of trial. The parties may request a limiting instruction to clarify that statements made prior to April 15, 2015, may not form the basis of plaintiff's defamation claim.

**Defendant's Motion No. 6 (to exclude evidence of, or reference to, insurance coverage):** GRANTED. Plaintiff does not oppose this motion.

**Defendant's Motion No. 7 (to exclude evidence regarding defendant's motion for summary judgment):** GRANTED. Plaintiff does not oppose this motion.

**Defendant's Motion No. 8 (to exclude any testimony or evidence from Michele Wade reflecting "rumors" about plaintiff):** DENIED without prejudice to raising specific objections at the time of trial.

**Defendant's Motion No. 9 (to exclude evidence of reasons for Cindy Spears's separation from HVLA):** Defendant's motion states that "Plaintiff has attempted to solicit information about the reasons behind Spears'[s] departure from HVLA, which HVLA has refused to provide on privacy and other grounds." Dkt. No. 105 at 2. Consequently, the Court is without any information regarding the reasons for Spears's separation from HVLA. The motion is DENIED without prejudice to raising specific objections at the time of trial. As discussed at the pretrial conference, defense counsel will review Spears's separation agreement to determine if it contains a cooperation clause and will inform plaintiff's counsel of the findings. Additionally, the parties may jointly submit a neutral statement to be read to the jury to explain Spears's separation

from HVLA as well as to explain her absence from trial, assuming that she does not testify.

**Defendant's Motion No. 10 (to exclude non-party witnesses from the courtroom unless testifying):** GRANTED. Plaintiff does not oppose this motion. Once a witness has been excused, however, he or she may remain in the courtroom.

**Defendant's Motion No. 11 (to exclude evidence of settlement communications and/or offers to compromise):** GRANTED. Plaintiff does not oppose this motion.

**Defendant's Motion No. 12 (to exclude evidence that Cindy Spears carried or possessed a weapon):** GRANTED. Plaintiff does not oppose this motion.

**Defendant's Motion No. 13 (to exclude character evidence or prior bad acts by Cindy Spears):** DENIED without prejudice to raising specific objections at the time of trial.

**Defendant's Motion No. 14 (to exclude evidence regarding concerns over Cindy Spears's qualifications to be general manager):** GRANTED. Plaintiff does not oppose this motion.

**Defendant's Motion No. 15 (to exclude any non-expert testimony about Cindy Spears's mental health):** GRANTED. The Court will exclude testimony that seeks to diagnose, reach conclusions about, or characterize Spears's mental health (e.g., that she "suffers from anxiety," or is "crazy"). However, the Court will not at this time exclude non-hearsay observations of Spears's conduct.

**Defendant's Motion No. 16 (to exclude evidence that plaintiff lost any prospective jobs as a result of any alleged defamatory statements or posting attributed to defendant):** DENIED without prejudice to raising specific objections at the time of trial.

**Defendant's Motion No. 17 (to exclude reference to reasons for plaintiff's termination):** DENIED without prejudice to raising specific objections at the time of trial. The parties may propose a limiting instruction to clarify that this is not a wrongful termination case.

**Defendant's Motion No. 18 (to exclude defendant's April 23, 2015, executive session meeting minutes):** DENIED without prejudice to raising specific objections at the time of trial.

**Defendant's Motion No. 19 (to exclude reference to any emotional distress, shame, or mortification suffered by plaintiff's wife, Melissa Clark, or daughter):** GRANTED as to

5

plaintiff's daughter. As to plaintiff's wife, DENIED without prejudice to raising specific objections at the time of trial. Plaintiff's wife may testify as to plaintiff's emotional distress and the impact of the alleged incidents on their family. Plaintiff's wife may not testify as to her own emotional distress. The motion to seal portions of defendant's motion in limine no. 19 is GRANTED. *See* Dkt. No. 127.

**Defendant's Motion No. 20 (to exclude complaints by HVLA members or employees regarding Spears):** DENIED without prejudice to raising specific objections at the time of trial. However, the Court will exclude testimony from Julie Vonada that she received complaints from others about Cindy Spears.

**Defendant's Motion No. 21 (to exclude evidence not included in plaintiff's Rule 26 disclosures):** DENIED without prejudice to raising specific objections at the time of trial.

**IT IS SO ORDERED.**

Dated: January 19, 2018

SUSAN ILLSTON
United States District Judge