UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE CLARK,<br><br>              Plaintiff,<br><br>     v.<br><br>HIDDEN VALLEY LAKE ASSOCIATION,<br><br>              Defendant. | Case No. 16-cv-02009-SI<br><br>**ORDER RE: PUBLIC/PRIVATE FIGURE AND PUBLIC/PRIVATE CONCERN** |

The parties have proposed differing jury instructions on plaintiff's defamation claim. Defendant asserts that plaintiff is a limited purpose public figure and that plaintiff therefore needs to prove actual malice. Plaintiff asserts that he is a private figure. The Court hereby finds that plaintiff is a private figure but that certain of the defamatory statements he alleges involve matters of public concern; therefore, as to the matters of public concern, plaintiff must prove actual malice.

"[W]hether a plaintiff in a defamation action is a public figure is a question of law for the trial court." *Khawar v. Globe Int'l, Inc.*, 19 Cal. 4th 254, 264 (1998). To determine whether an individual is a limited purpose public figure the court must find that: 1) there is "a public controversy, which means the issue was debated publicly and had foreseeable and substantial ramifications for nonparticipants"; 2) the plaintiff undertook "some voluntary act through which he or she sought to influence resolution of the public issue" or attempted "to thrust him or herself into the public eye" ; and 3) the alleged defamation is "germane to the plaintiff's participation in the controversy." *Ampex Corp. v. Cargle*, 128 Cal. App. 4th 1569, 1577 (2005).

The public controversy need not be generated by the plaintiff's private conduct. *Gilbert v. Sykes*, 147 Cal. App. 4th 13, 25 (2007). However, "those charged with defamation cannot, by

their own conduct, create their own defense by making the claimant a public figure. . . . A person cannot turn otherwise private information into a matter of public interest simply by communicating it to a large number of people." *Terry v. Davis Comm. Church*, 131 Cal. App. 4th 1534, 1547 (2005)(quoting *Weinberg v. Feisel*, 110 Cal. App. 4th 1122, 1132-33 (2003)).

As to the second element, talking to the press or being quoted by the press may qualify as a voluntary act through which a plaintiff sought to influence the resolution of a public issue. *Rudnick v. McMillan*, 25 Cal. App. 4th 1183, 1190 (1994).

As to the third element, an alleged defamation is germane to the plaintiff's participation in the controversy when the defamatory comment relates to the plaintiff's credibility relevant to evaluation of the public issue by the public. *Cabrera v. Alam*, 197 Cal. App. 4th 1077, 1093 (2011); *Copp v. Paxton*, 45 Cal. App. 4th 829, 846 (1996).

Here, there is evidence, including plaintiff's own admissions, that there was a public controversy at the homeowner's association around the management of the Golf Department and whether it should be a profit-generating business or a subsidized amenity. Plaintiff testified at trial that "[t]here was quite a divide going on in our community at the time between those that were opposed to the subsidy amount on the golf course, and those that weren't." Tr. at 538:16-18.

However, there is insufficient evidence of the second element. The only evidence showing that plaintiff may have "sought to influence resolution of the public issue" around the financing of the Golf Department, prior to the allegedly defamatory statements being made, was his publication of an article in an HVLA newsletter entitled "A House Divided?" *See* Ex. 226. Plaintiff testified at trial that this article was published in November of 2014, after he "was asked to kind of address some of the issues with the subsidy to the community." Tr. at 538:12-20. Jim Freeman, the marketing and media director, made this request, according to plaintiff. Plaintiff further testified that he never approached his supervisor Cindy Spears to try to get such an article published, but that "it was more the other way around." Tr. at 539:4-13. Without more, the Court cannot find that plaintiff "undertook some voluntary act through which he . . . sought to influence resolution of the public issue or attempted to thrust [himself] into the public eye." *See Ampex*, 128 Cal. App. 4th at 1577. For this reason, the Court finds that plaintiff was a private figure for defamation

purposes.

Nevertheless, certain of the statements that plaintiff alleges were defamatory involved the public controversy around the Golf Department's finances. Plaintiff seeks to instruct the jury on the following statements:

1. That Wayne Clark had pornography including child pornography on his office computer.
2. That Wayne Clark embezzled from the Association.
3. That Wayne Clark made fraudulent use of the credit card issued to him by Defendant.
4. That Wayne Clark mismanaged the financial and other assets of the Golf operation.
5. That Wayne Clark used deceptive accounting practices.

The Court finds that 1, 2, and 3 above were matters of private concern. There was no "public controversy" around these issues until Cindy Spears allegedly initiated one by defaming plaintiff on these points. As to 4 and 5, the Court finds that these were matters of public concern, as they involved the ongoing public controversy at the homeowner's association regarding the financing of the Golf Department.

For this reason, the Court intends to instruct the jury that statements 1, 2, and 3 are covered by CACI 1704, Defamation per se—Essential Factual Elements (Private Figure—Matter of Private Concern). The Court intends to instruct the jury that statements 4 and 5 are covered by CACI 1702, Defamation per se—Essential Factual Elements (Private Figure—Matter of Public Concern).

**IT IS SO ORDERED**.

Dated: February 6, 2018

_____
SUSAN ILLSTON
United States District Judge