UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WAYNE CLARK,

        Plaintiff,

    v.

HIDDEN VALLEY LAKE ASSOCIATION,

        Defendant.

Case No. 16-cv-02009-SI

**JURY INSTRUCTIONS (FINAL)**

# TABLE OF CONTENTS

**Jury Instruction No. 1** — Duty of Jury

**Jury Instruction No. 2** — Consideration Of Evidence – Conduct Of Jury

**Jury Instruction No. 3** — Claims And Defenses

**Jury Instruction No. 4** — Burden Of Proof—Preponderance Of The Evidence

**Jury Instruction No. 5** — Burden Of Proof—Clear And Convincing Evidence

**Jury Instruction No. 6** — What is Evidence

**Jury Instruction No. 7** — What is Not Evidence

**Jury Instruction No. 8** — Evidence For A Limited Purpose

**Jury Instruction No. 9** — Direct and Circumstantial Evidence

**Jury Instruction No. 10** — Credibility of Witnesses

**Jury Instruction No. 11** — Deposition in Lieu of Live Testimony

**Jury Instruction No. 12** — Party Having Power To Produce Better Evidence

**Jury Instruction No. 13** — Exercise Of A Communication Privilege

**Jury Instruction No. 14** — Opinion Testimony Of Lay Witness

**Jury Instruction No. 15** — Corporations And Partnerships – Fair Treatment

**Jury Instruction No. 16** — Liability Of Corporations – Scope Of Authority Not At Issue

**Jury Instruction No. 17** — Introduction to Vicarious Responsibility

**Jury Instruction No. 18** — Legal Relationship Not Disputed

**Jury Instruction No. 19** — Scope of Employment

**Jury Instruction No. 20** — Scope of Employment – Unauthorized Acts

**Jury Instruction No. 21** — Tort Liability Asserted Against Principal—Essential Factual Elements

**Jury Instruction No. 22** — Statute of Limitations

**Jury Instruction No. 23** — Causation—Substantial Factor

**Jury Instruction No. 24** — Claim 1: Violations of the Right of Privacy

**Jury Instruction No. 25** — Claim 1(a): Intrusion Into Private Affairs

**Jury Instruction No. 26** — Claim 1(b): Public Disclosure Of Private Facts

United States District Court
Northern District of California

1    **Jury Instruction No. 27** — Claim 1(c): False Light

2    **Jury Instruction No. 28** — Affirmative Defense To Invasion Of Privacy-First Amendment

3    Balancing Test-Public Interest

4    **Jury Instruction No. 29** — Affirmative Defense—Invasion Of Privacy Justified

5    **Jury Instruction No. 30** — Damages for Invasion of Privacy

6    **Jury Instruction No. 31** — Claim 2: Defamation—Definition

7    **Jury Instruction No. 32** — Definition Of "Statement"

8    **Jury Instruction No. 33** — Fact Versus Opinion

9    **Jury Instruction No. 34** — Defamation Per Se—Libel

10    **Jury Instruction No. 35** — Defamation Per Se—Slander

11    **Jury Instruction No. 36** — Defamation/Libel Per Quod—Defined

12    **Jury Instruction No. 37** — Defamation—Each Publication

13    **Jury Instruction No. 38** — Claim 2(a): Defamation Per Se—Essential Factual Elements (Private

14    Figure—Matter of Private Concern)

15    **Jury Instruction No. 39** — Claim 2(b): Defamation Per Se—Essential Factual Elements (Private

16    Figure—Matter of Public Concern)

17    **Jury Instruction No. 40** — Claim 2(c): Defamation Per Quod—Essential Factual Elements

18    (Private Figure—Matter of Private Concern)

19    **Jury Instruction No. 41** — Affirmative Defense—Truth

20    **Jury Instruction No. 42** — Common Interest Privilege—Malice (Civ. Code § 47(c))

21    **Jury Instruction No. 43** — Claim 3: Negligence – Essential Factual Elements

22    **Jury Instruction No. 44** — Basic Standard Of Care

23    **Jury Instruction No. 45** — Negligence-Recovery Of Damages For Emotional Distress-No

24    Physical Injury -Direct Victim-Essential Factual Elements

25    **Jury Instruction No. 46** — Claim 4: Intentional Infliction Of Emotional Distress—Essential

26    Factual Elements

27    **Jury Instruction No. 47** — Intentional Infliction Of Emotional Distress—"Outrageous Conduct"

28    Defined

United States District Court
Northern District of California

3

**Jury Instruction No. 48** — Intentional Infliction Of Emotional Distress—"Severe Emotional Distress" Defined

**Jury Instruction No. 49** — Intentional Infliction Of Emotional Distress—Affirmative Defense—Privileged Conduct

**Jury Instruction No. 50** — Introduction To Tort Damages—Liability Contested

**Jury Instruction No. 51** — Damages on Multiple Legal Theories

**Jury Instruction No. 52** — Measure Of Types Of Damages

**Jury Instruction No. 53** — Mitigation

**Jury Instruction No. 54** — Nominal Damages

**Jury Instruction No. 55** — Punitive Damages Against Employer or Principal for Conduct of a Specific Agent or Employee—Trial Not Bifurcated

**Jury Instruction No. 56** — Jurors Not To Consider Attorney Fees And Court Costs

**Jury Instruction No. 57** — Insurance

**Jury Instruction No. 58** — Duty To Deliberate

**Jury Instruction No. 59** — Communication With Court

**Jury Instruction No. 60** — Return Of Verdict

United States District Court
Northern District of California

# JURY INSTRUCTION NO. 1

## Duty of Jury

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

JURY INSTRUCTION NO. 2

Consideration Of Evidence – Conduct Of Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

1  These rules protect each party's right to have this case decided only on evidence that has

2  been presented here in court. Witnesses here in court take an oath to tell the truth, and the

3  accuracy of their testimony is tested through the trial process. If you do any research or

4  investigation outside the courtroom, or gain any information through improper communications,

5  then your verdict may be influenced by inaccurate, incomplete or misleading information that has

6  not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial

7  jury, and if you decide the case based on information not presented in court, you will have denied

8  the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very

9  important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a

mistrial could result that would require the entire trial process to start over. If any juror is exposed

to any outside information, please notify the court immediately.

Claims And Defenses

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff Wayne Clark asserts that Defendant Hidden Valley Lake Association defamed him, invaded his privacy and negligently and intentional inflicted emotional distress upon him based upon statements allegedly made by Defendant's former General Manager Cindy Spears. As a result of these alleged statements, Wayne Clark contends that he suffered harm to his reputation, humiliation, and emotional distress. Wayne Clark has the burden of proving these claims.

Defendant Hidden Valley Lake Association denies those claims and contends that any alleged statements attributed to it are barred by the statute of limitations, were privileged and/or not otherwise defamatory. Defendant Hidden Valley Lake Association has the burden of proof on these affirmative defenses.

JURY INSTRUCTION NO. 4

Burden Of Proof—Preponderance Of The Evidence


When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

JURY INSTRUCTION NO. 5

Burden Of Proof—Clear And Convincing Evidence


When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

JURY INSTRUCTION NO. 6

What Is Evidence

The evidence you are to consider in deciding what the facts are consists of:

1.    The sworn testimony of any witness;

2.    The exhibits that are admitted into evidence;

3.    Any facts to which the lawyers have agreed; and

4.    Any facts that I have instructed you to accept as proved.

United States District Court
Northern District of California

JURY INSTRUCTION NO. 7

What Is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)     Anything you may have seen or heard when the court was not in session is not evidence.

You are to decide the case solely on the evidence received at the trial.

United States District Court
Northern District of California

JURY INSTRUCTION NO. 8

Evidence For A Limited Purpose

Some evidence was admitted only for a limited purpose.

When I instructed you that an item of evidence was admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

You have heard statements throughout trial that would otherwise be considered hearsay. In those instances, I have instructed you that those statements are not being offered for the truth of the matter asserted but for some other nonhearsay purpose such as the listener's state of mind. These statements may be considered only for the limited purpose for which I have advised you and may not be considered for any other purpose.

JURY INSTRUCTION NO. 9

Direct And Circumstantial Evidence

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

JURY INSTRUCTION NO. 10

Credibility Of Witnesses


In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

15

JURY INSTRUCTION NO. 11

Deposition In Lieu Of Live Testimony

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The depositions of David Jones, Lisa Deas and Bill Wolcott were taken on May 9, 2017, October 23, 2017, and October 30, 2017, respectively.  Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person who read the questions or answers.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JURY INSTRUCTION NO. 12

Party Having Power To Produce Better Evidence

You may consider the ability of each party to provide evidence.  If a party provided weaker evidence when it could have provided stronger evidence, you may distrust the weaker evidence.

JURY INSTRUCTION NO. 13

Exercise Of A Communication Privilege

Hidden Valley Lake Association has an absolute right not to disclose what it told its attorney in confidence because the law considers this information privileged. Do not consider, for any reason at all, the fact that Hidden Valley Lake Association did not disclose what its officers, directors and General Manager told its attorney. Do not discuss that fact during your deliberations or let it influence your decision in any way.

United States District Court
Northern District of California

## JURY INSTRUCTION NO. 14

### Opinion Testimony Of Lay Witness

A witness who was not testifying as an expert gave an opinion during the trial.  You may, but are not required to, accept that opinion.  You may give the opinion whatever weight you think is appropriate.

Consider the extent of the witness's opportunity to perceive the matters on which the opinion is based, the reasons the witness gave for the opinion, and the facts or information on which the witness relied in forming that opinion.  You must decide whether information on which the witness relied was true and accurate.  You may disregard all or any part of an opinion that you find unbelievable, unreasonable, or unsupported by the evidence.

JURY INSTRUCTION NO. 15

Corporations And Partnerships – Fair Treatment

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

JURY INSTRUCTION NO. 16

Liability Of Corporations – Scope Of Authority Not At Issue


Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

JURY INSTRUCTION NO. 17

Introduction to Vicarious Responsibility

One may authorize another to act on his or her behalf in transactions with third persons. This relationship is called "agency." The person giving the authority is called the "principal"; the person to whom authority is given is called the "agent."

An employer is responsible for harm caused by the wrongful conduct of its employees while acting within the scope of their employment.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JURY INSTRUCTION NO.18

Legal Relationship Not Disputed


In this case Cindy Spears was the General Manager of Hidden Valley Lake Association.  If you find that Cindy Spears was acting within the scope of her employment as General Manager when the incidents occurred, then Hidden Valley Lake Association is responsible for any harm caused by the conduct of Cindy Spears.

JURY INSTRUCTION NO. 19

Scope of Employment

Wayne Clark must prove that Cindy Spears was acting within the scope of her employment when Wayne Clark was harmed.

Conduct is within the scope of employment if:

(a) It is reasonably related to the kinds of tasks that Cindy Spears was employed to perform; or

(b) It is reasonably foreseeable in light of the employer's business or Cindy Spears's job responsibilities.

JURY INSTRUCTION NO. 20

Scope of Employment – Unauthorized Acts


An employee's unauthorized conduct may be within the scope of employment if the conduct was committed in the course of a series of acts authorized by the employer.

An employee's wrongful or criminal conduct may be within the scope of employment even if it breaks a company rule or does not benefit the employer.

JURY INSTRUCTION NO. 21

Tort Liability Asserted Against Principal—Essential Factual Elements

Wayne Clark claims that he was harmed by the conduct of Cindy Spears. Wayne Clark also claims that Hidden Valley Lake Association is responsible for the harm because Cindy Spears was acting as its General Manager when each of the incidents occurred. If you find that the conduct of Cindy Spears harmed Wayne Clark, then you must decide whether Hidden Valley Lake Association is responsible for the harm. Hidden Valley Lake Association is responsible if Wayne Clark proves both of the following:

1. That Cindy Spears was Hidden Valley Lake Association's General Manager; and

2. That Cindy Spears was acting within the scope of her employment as General Manager when she engaged in conduct that harmed Wayne Clark.

JURY INSTRUCTION NO. 22

Statute of Limitations


Wayne Clark claims damages for conduct or events occurring on or after April 15, 2015. Damages may not be awarded for conduct or events occurring before that date although such conduct or events may be considered in explaining Cindy Spears's state of mind.

United States District Court
Northern District of California

JURY INSTRUCTION NO. 23

Causation—Substantial Factor

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

United States District Court
Northern District of California

JURY INSTRUCTION NO. 24

Claim 1: Violations of the Right of Privacy

A person's right to privacy can be violated in more than one way.  Wayne Clark claims that Hidden Valley Lake Association, through Cindy Spears, violated his right of privacy in the following ways: (a) intrusion into private affairs, (b) public disclosure of private facts, and (c) false light.

## Claim 1(a): Intrusion Into Private Affairs

Wayne Clark claims that Hidden Valley Lake Association, through Cindy Spears, violated his right to privacy. To establish this claim, Wayne Clark must prove all of the following:

1.    That Wayne Clark had a reasonable expectation of privacy in the terms of his employment and his work performance with Hidden Valley Lake Association;

2.    That Hidden Valley Lake Association, through Cindy Spears, intentionally intruded in the terms of his employment and his work performance with Hidden Valley Lake Association;

3.    That Hidden Valley Lake Association's intrusion, through Cindy Spears, would be highly offensive to a reasonable person;

4.    That Wayne Clark was harmed; and

5.    That Hidden Valley Lake Association conduct, through Cindy Spears, was a substantial factor in causing Wayne Clark's harm.

In deciding whether Wayne Clark had a reasonable expectation of privacy in the terms of his employment and his work performance with Hidden Valley Lake Association, you should consider, among other factors, the following:

(a)    The identity of Hidden Valley Lake Association/Cindy Spears;

(b)    The extent to which other persons had access to and could see or hear Wayne Clark; and

(c)    The means by which the intrusion occurred.

In deciding whether an intrusion is highly offensive to a reasonable person, you should consider, among other factors, the following:

(a)    The extent of the intrusion;

(b)    Hidden Valley Lake Association's, through Cindy Spears's, motives and goals; and

(c)    The setting in which the intrusion occurred.

JURY INSTRUCTION NO. 26

Claim 1(b): Public Disclosure Of Private Facts

Wayne Clark claims that Hidden Valley Lake Association, through Cindy Spears, violated his right to privacy.  To establish this claim, Wayne Clark must prove all of the following:

1.     That Hidden Valley Lake Association, through Cindy Spears, publicized private information concerning Wayne Clark;

2.     That a reasonable person in Wayne Clark's position would consider the publicity highly offensive;

3.     That Hidden Valley Lake Association, through Cindy  Spears, knew, or acted with reckless disregard of the fact, that a reasonable person in Wayne Clark's position would consider the publicity highly offensive;

4.     That the private information was not of legitimate public concern or did not have a substantial connection to a matter of legitimate public concern;

5.     That Wayne Clark was harmed; and

6.     That Hidden Valley Lake Association's conduct, through Cindy Spears, was a substantial factor in causing Wayne Clark's harm.

In deciding whether the information was a matter of legitimate public concern, you should consider, among other factors, the following:

(a) The social value of the information;

(b) The extent of the intrusion into Wayne Clark's privacy; and

(c) Whether Wayne Clark consented to the publicity explicitly or by voluntarily seeking public attention.

In deciding whether Hidden Valley Lake Association, through Cindy Spears, publicized the information, you should determine whether it was made public either by communicating it to the public at large or to so many people that the information was substantially certain to become public knowledge.

Claim 1(c): False Light

Wayne Clark claims that Hidden Valley Lake Association, through Cindy Spears, violated his right to privacy. To establish this claim, Wayne Clark must prove all of the following:

1. That Hidden Valley Lake Association, through Cindy Spears, publicized information or material that showed Wayne Clark in a false light;

2. That the false light created by the publications of information would be highly offensive to a reasonable person in Wayne Clark's position;

3. That, as to the statement that Wayne Clark mismanaged the financial and other assets of the Golf operation, Hidden Valley Lake Association, through Cindy Spears, knew the publication would create a false impression about Wayne Clark or acted with reckless disregard for the truth;

   or

   as to statements that Wayne Clark had pornography including child pornography on his office computer, that Wayne Clark embezzled from Hidden Valley Lake Association, that Wayne Clark made fraudulent use of the credit card issued to him by Hidden Valley Lake Association, and that Wayne Clark used deceptive accounting practices, Hidden Valley Lake Association, through Cindy Spears, was negligent in determining the truth of the information or whether a false impression would be created by its publication;

4. That Wayne Clark was harmed;

   or

   that Wayne Clark sustained harm to his business, profession, or occupation, including money spent as a result of the statement(s); and

5. That Hidden Valley Lake Association's conduct, through Cindy Spears, was a substantial factor in causing Wayne Clark's harm.

In deciding whether Hidden Valley Lake Association, through Cindy Spears, publicized

the information or material, you should determine whether it was made public either by communicating it to the public at large or to so many people that the information or material was substantially certain to become public knowledge.

Affirmative Defense To Invasion Of Privacy-First Amendment Balancing Test-Public Interest

Hidden Valley Lake Association claims that it has not violated Wayne Clark's right of privacy because the public interest served by Hidden Valley Lake Association's disclosing, through Cindy Spears, the terms of Wayne Clark's employment or performance as Director of Golf at Hidden Valley Lake Association outweighs Wayne Clark's privacy interests. In deciding whether the public interest outweighs Wayne Clark's privacy interest, you should consider all of the following:

a.     Where the information was used;

b.     The extent of the use;

c.     The public interest served by the use; and

d.     The seriousness of the interference with Wayne Clark's privacy.

Hidden Valley Lake Association bears the burden of proving this affirmative defense by a preponderance of the evidence.

JURY INSTRUCTION NO. 29

Affirmative Defense—Invasion Of Privacy Justified


Hidden Valley Lake Association claims that even if Wayne Clark has proven all of the above, its conduct was justified. Hidden Valley Lake Association must prove that the circumstances justified the invasion of privacy because the invasion of privacy substantially furthered the Association members' interest that the golf course was being operated satisfactorily and efficiently.

If Hidden Valley Lake Association proves that its conduct was justified, then you must find for Hidden Valley Lake Association unless Wayne Clark proves that there was a practical, effective, and less invasive method of achieving Hidden Valley Lake Association's purpose.

Hidden Valley Lake Association bears the burden of proving this affirmative defense by a preponderance of the evidence.

Damages for Invasion of Privacy

If you decide that Wayne Clark has proved his invasion of privacy claim against Hidden Valley Lake Association, you also must decide how much money will reasonably compensate Wayne Clark for the harm. This compensation is called "damages."

The amount of damages must include an award for all harm that was caused by Hidden Valley Lake Association, even if the particular harm could not have been anticipated.

Wayne Clark must prove the amount of his damages. However, Wayne Clark does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

The following are the specific items of damages claimed by Wayne Clark:

1.      Mental suffering/anxiety/humiliation/emotional distress; and

2.      Harm to reputation and loss of standing in the community.

No fixed standard exists for deciding the amount of damages for mental or emotional distress. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

To recover for future mental or emotional distress, Wayne Clark must prove that he is reasonably certain to suffer that harm.

JURY INSTRUCTION NO. 31

Claim 2: Defamation—Definition

Defamation is an invasion of the interest in reputation and consists of slander or libel. It involves the intentional publication of a written (libel) or oral (slander) statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes special damage.

JURY INSTRUCTION NO. 32

Definition Of "Statement"

The word "statement" in these instructions refers to any form of communication or representation, including spoken or written words.

United States District Court
Northern District of California

JURY INSTRUCTION NO. 33

Fact Versus Opinion


For Wayne Clark to recover, Hidden Valley Lake Association's statements, through Cindy Spears, must have been statements of fact, not opinion. A statement of fact is one that can be proved to be true or false. In some circumstances, Wayne Clark may recover if a statement phrased as an opinion implies that a false statement of fact is true.

In deciding this issue, you should consider whether the average reader or listener would conclude from the language of the statement and its context that Hidden Valley Lake Association, through Cindy Spears, was implying that a false statement of fact is true.

United States District Court
Northern District of California

### JURY INSTRUCTION NO. 34

#### Defamation Per Se—Libel

Libel is a false and unprivileged publication made in writing or printing, which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation.

A writing is libel per se if a defamatory meaning appears from the language itself without the necessity of explanation.

JURY INSTRUCTION NO. 35

Defamation Per Se—Slander

Slander is a false and unprivileged spoken publication which charges that person with a crime or tends directly to injure him in respect to his office, profession, trade or business, either by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to his office, profession, trade, or business that has a natural tendency to lessen its profits.

United States District Court
Northern District of California

JURY INSTRUCTION NO. 36

Defamation/Libel Per Quod—Defined

Defamation or libel per quod arises when the defamatory meaning would appear only to readers or listeners who might be able to recognize it through some knowledge of specific facts and/or circumstances, not discernible from the face of the publication, and which are not matters of common knowledge rationally attributable to all reasonable persons.

JURY INSTRUCTION NO. 37

Defamation—Each Publication

Each defamatory publication is a separate wrongful act.

In order for Hidden Valley Lake Association to be liable for republication of a defamatory statement, Wayne Clark must prove by a preponderance of the evidence that:

1. The republication was authorized or intended by Hidden Valley Lake Association, through Cindy Spears; or

2. The republication was reasonably to be expected.

Claim 2(a): Defamation Per Se—Essential Factual Elements

(Private Figure—Matter of Private Concern)

Wayne Clark claims that Hidden Valley Lake Association, through Cindy Spears, harmed him by making one or more of the following statements:

1. That Wayne Clark had pornography including child pornography on his office computer.

2. That Wayne Clark embezzled from Hidden Valley Lake Association.

3. That Wayne Clark made fraudulent use of the credit card issued to him by Hidden Valley Lake Association.

4. That Wayne Clark used deceptive accounting practices.

To establish this claim, Wayne Clark must prove all of the following:

*Liability*

1. That Hidden Valley Lake Association, through Cindy Spears, made one or more of the statements to one or more persons other than Wayne Clark;

2. That these people reasonably understood that the statements were about Wayne Clark;

3. That these people reasonably understood the statements to mean that Wayne Clark had committed crimes or inappropriate conduct pertaining to child pornography or embezzlement or had made fraudulent use of the credit card issued to him by Hidden Valley Lake Association or used deceptive accounting practices; and

4. That Hidden Valley Lake Association, through Cindy Spears, failed to use reasonable care to determine the truth or falsity of the statement(s).

*Actual Damages*

If Wayne Clark has proved all of the above, then he is entitled to recover his actual damages if he proves that Hidden Valley Lake Association's wrongful conduct, through Cindy Spears, was a substantial factor in causing any of the following:

     a.  Harm to Wayne Clark's business, trade, profession, or occupation;

     b.  Expenses Wayne Clark had to pay as a result of the defamatory statements;

     c.  Harm to Wayne Clark's reputation; or

     d.  Shame, mortification, or hurt feelings.

*Assumed Damages*

Even if Wayne Clark has not proved any actual damages for harm to reputation or shame, mortification, or hurt feelings, the law assumes that he has suffered this harm. Without presenting evidence of damage, Wayne Clark is entitled to receive compensation for this assumed harm in whatever sum you believe is reasonable. You must award at least a nominal sum, such as one dollar.

*Punitive Damages*

Wayne Clark may also recover damages to punish Hidden Valley Lake Association if he proves by clear and convincing evidence that Hidden Valley Lake Association, through Cindy Spears, acted with malice, oppression, or fraud.

Claim 2(b): Defamation Per Se—Essential Factual Elements

(Private Figure—Matter of Public Concern)

Wayne Clark claims that Hidden Valley Lake Association, through Cindy Spears, harmed him by making the following statement: That Wayne Clark mismanaged the financial and other assets of the Golf operation.

To establish this claim, Wayne Clark must prove all of the following:

*Liability*

1.      That Hidden Valley Lake Association, through Cindy Spears, made the statement to one or more persons other than Wayne Clark;

2.      That these people reasonably understood that the statement was about Wayne Clark;

3.      That these people reasonably understood the statement to mean that Wayne Clark had mismanaged the financial and other assets of the Golf operation;

4.      That the statement was false; and

5.      That Hidden Valley Lake Association, through Cindy Spears, failed to use reasonable care to determine the truth or falsity of the statement.

*Actual Damages*

If Wayne Clark has proved all of the above, then he is entitled to recover his actual damages if he proves that Hidden Valley Lake Association's wrongful conduct, through Cindy Spears, was a substantial factor in causing any of the following:

a.      Harm to Wayne Clark's business, trade, profession, or occupation;

b.      Expenses Wayne Clark had to pay as a result of the defamatory statements;

c.      Harm to Wayne Clark's reputation; or

d.      Shame, mortification, or hurt feelings.

United States District Court
Northern District of California

*Assumed Damages*

If Wayne Clark has not proved any actual damages for harm to reputation or shame, mortification, or hurt feelings but proves by clear and convincing evidence that Hidden Valley Lake Association, through Cindy Spears, knew the statement was false or that she had serious doubts about the truth of the statement, then the law assumes that Wayne Clark's reputation has been harmed and that he has suffered shame, mortification, or hurt feelings. Without presenting evidence of damage, Wayne Clark is entitled to receive compensation for this assumed harm in whatever sum you believe is reasonable. You must award at least a nominal sum, such as one dollar.

*Punitive Damages*

Wayne Clark may also recover damages to punish Hidden Valley Lake Association if he proves by clear and convincing evidence that Hidden Valley Lake Association, through Cindy Spears, either knew the statement was false or had serious doubts about the truth of the statement, and that she acted with malice, oppression, or fraud.

JURY INSTRUCTION NO. 40

Claim 2(c): Defamation Per Quod—Essential Factual Elements

(Private Figure—Matter of Private Concern)

Wayne Clark claims that Hidden Valley Lake Association, through Cindy Spears, harmed him by making one or more of the following statements:

"the employer does not allow you to fill up your company owned and maintained computer with porn, and your desk with booze. But the problem is that the police have to be able to determine that the very young looking girls are actually under age to bring charges."

"Were there circle **** parties going on in that office? It would seem very likely that there probably were. There are people who know and participated, they have not come forward publicly at this time."

""But, they got to go along on the Pizza Parties etc. There are people here who sat in somebody's office, enjoyed a bit of Naughty little girl action, had some booze and I am really not sure what the toilet paper is for. I am thinking it is a guy thing."

"Just imagine, that the computer is examined and is found to be filled with young nubile naughty stuff of indeterminate age. In that case normally law enforcement is called in to determine if there rare a bunch of felonies on HVLA's computer. Let's further imagine that there were open bottled of booze in the desk alone with a roll of toilet paper."

"Staff abuse of credit cards"

"Under-performing managers"

"Used deceptive fiscal gimmicks to make Golf Ops. Look better"

"Used deceptive double-talk to enhance the appearance of his performance."

To establish this claim, Wayne Clark must prove that all of the following:

*Liability*

1.     That Hidden Valley Lake Association, through Cindy Spears, made one or more of

48

*United States District Court*
*Northern District of California*

the statement(s) to persons other than Wayne Clark;

2.     That these people reasonably understood that the statement(s) were about Wayne Clark;

3.     That because of the facts and circumstances known to the listener(s)/reader(s) of the statement(s), they tended to injure Wayne Clark in his occupation or to expose him to hatred, contempt, ridicule, or shame or to discourage others from associating or dealing with him;

4.     That Hidden Valley Lake Association, through Cindy Spears, failed to use reasonable care to determine the truth or falsity of the statement(s);

5.     That Wayne Clark suffered harm to his business, profession, or occupation; and

6.     That the statement(s) were a substantial factor in causing Wayne Clark's harm.

*Actual Damages*

If Wayne Clark has proved all of the above, then he is entitled to recover if he proves that Hidden Valley Lake Association's wrongful conduct, through Cindy Spears, was a substantial factor in causing any of the following actual damages:

a.     Harm to Wayne Clark's business, trade, profession, or occupation;

b.     Expenses Wayne Clark had to pay as a result of the defamatory statements;

c.     Harm to Wayne Clark's reputation; or

d.     Shame, mortification, or hurt feelings.

*Punitive Damages*

Wayne Clark may also recover damages to punish Hidden Valley Lake Association if he proves by clear and convincing evidence that Hidden Valley Lake Association, through Cindy Spears, acted with malice, oppression, or fraud.

JURY INSTRUCTION NO. 41

Affirmative Defense—Truth

Hidden Valley Lake Association is not responsible for Wayne Clark's harm, if any, if it proves that its statements about Wayne Clark were true. Hidden Valley Lake Association does not have to prove that the statements were true in every detail, so long as the statements were substantially true.

JURY INSTRUCTION NO. 42

Common Interest Privilege—Malice (Civ. Code § 47(c))


With respect to statements made by Cindy Spears at Board Meetings, Wayne Clark cannot recover damages from Hidden Valley Lake Association, even if the statements were false, unless Wayne Clark also proves by a preponderance of the evidence either:

    1.    That in making the statements, Hidden Valley Lake Association, through Cindy Spears, acted with hatred or ill will toward him, showing Hidden Valley Lake Association's willingness, through Cindy Spears, to vex, annoy, or injure him; or

    2.    That Hidden Valley Lake Association, through Cindy Spears, had no reasonable grounds for believing the truth of the statements.


You may not infer that Hidden Valley Lake Association, through Cindy Spears, acted with malice from the statement itself.

JURY INSTRUCTION NO. 43

Claim 3: Negligence – Essential Factual Elements

Wayne Clark claims that he was harmed by Hidden Valley Lake Association's negligence. To establish this claim, Wayne Clark must prove all of the following:

1. That Hidden Valley Lake Association was negligent;

2. That Wayne Clark was harmed; and

3. That Hidden Valley Lake Association's negligence was a substantial factor in causing Wayne Clark's harm.

United States District Court
Northern District of California

JURY INSTRUCTION NO. 44

Basic Standard Of Care

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A person can be negligent by acting or by failing to act. A person is negligent if he or she does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful person would have acted in Hidden Valley Lake Association's situation.

Negligence-Recovery Of Damages For Emotional Distress-No Physical Injury -Direct Victim-

Essential Factual Elements

Wayne Clark claims that Hidden Valley Lake Association's conduct, through Cindy Spears, caused him to suffer serious emotional distress. To establish this claim, Wayne Clark must prove all of the following:

1. That Hidden Valley Lake Association, through Cindy Spears, was negligent;

2. That Wayne Clark suffered serious emotional distress; and

3. That Hidden Valley Lake Association's negligence, through Cindy Spears, was a substantial factor in causing Wayne Clark's serious emotional distress.

Emotional distress includes suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame. Serious emotional distress exists if an ordinary, reasonable person would be unable to cope with it.

Claim 4: Intentional Infliction Of Emotional Distress—Essential Factual Elements

Wayne Clark claims that Hidden Valley Lake Association's conduct, through Cindy Spears, caused him to suffer severe emotional distress. To establish this claim, Wayne Clark must prove all of the following:

1. That Hidden Valley Lake Association's conduct, through Cindy Spears, was outrageous;

2. That Hidden Valley Lake Association, through Cindy Spears, intended to cause Wayne Clark emotional distress;

3. That Wayne Clark suffered severe emotional distress; and

4. That Hidden Valley Lake Association's conduct, through Cindy Spears, was a substantial factor in causing Wayne Clark's severe emotional distress.

Intentional Infliction Of Emotional Distress—"Outrageous Conduct" Defined

"Outrageous conduct" is conduct so extreme that it goes beyond all possible bounds of decency. Conduct is outrageous if a reasonable person would regard the conduct as intolerable in a civilized community. Outrageous conduct does not include trivialities such as indignities, annoyances, hurt feelings, or bad manners that a reasonable person is expected to endure.

In deciding whether Hidden Valley Lake Association's conduct, through Cindy Spears, was outrageous, you may consider, among other factors, the following:

(a) Whether Hidden Valley Lake Association, through Cindy Spears, abused a position of authority or a relationship that gave it real or apparent power to affect Wayne Clark's interests;

(b) Whether Hidden Valley Lake Association, through Cindy Spears, knew that Wayne Clark was particularly vulnerable to emotional distress; and

(c) Whether Hidden Valley Lake Association, through Cindy Spears, knew that its conduct would likely result in harm due to mental distress.

JURY INSTRUCTION NO. 48

Intentional Infliction Of Emotional Distress—"Severe Emotional Distress" Defined

Emotional distress includes suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

"Severe emotional distress" is not mild or brief; it must be so substantial or long lasting that no reasonable person in a civilized society should be expected to bear it. Wayne Clark is not required to prove physical injury to recover damages for severe emotional distress.

JURY INSTRUCTION NO. 49

Intentional Infliction Of Emotional Distress—Affirmative Defense—Privileged Conduct

As to communications at Board Meetings, Hidden Valley Lake Association claims that it is not responsible for Wayne Clark's harm, if any, because Hidden Valley Lake Association's conduct, through Cindy Spears, was permissible. To succeed, Hidden Valley Lake Association must prove all of the following:

1.     That Hidden Valley Lake Association, through Cindy Spears, was exercising its legal right to discuss Wayne Clark's performance amongst its Board of Directors;

2.     That Hidden Valley Lake Association's conduct, through Cindy Spears, was lawful and consistent with community standards; and

3.     That Hidden Valley Lake Association, through Cindy Spears, had a good-faith belief that it had a legal right to engage in the conduct.

If you find all of the above, then Hidden Valley Lake Association's conduct, through Cindy Spears, was permissible.

Hidden Valley Lake Association bears the burden of proving this affirmative defense by a preponderance of the evidence.

JURY INSTRUCTION NO. 50

Introduction To Tort Damages—Liability Contested

If you decide that Wayne Clark has proved his claims against Hidden Valley Lake Association, you also must decide how much money will reasonably compensate Wayne Clark for the harm.  This compensation is called "damages."

The amount of damages must include an award for each item of harm that was caused by Hidden Valley Lake Association's wrongful conduct, through Cindy Spears, even if the particular harm could not have been anticipated.

Wayne Clark does not have to prove the exact amount of damages that will provide reasonable compensation for the harm.  However, you must not speculate or guess in awarding damages.

The following are the specific items of damages claimed by Wayne Clark:

1.      Mental suffering/anxiety/humiliation/emotional distress;

2.      Harm to reputation and loss of standing in the community; and

3.      Harm to Wayne Clark's business, trade, profession, or occupation.

Damages on Multiple Legal Theories

Wayne Clark seeks damages from Hidden Valley Lake Association under more than one legal theory. However, each item of damages may be awarded only once, regardless of the number of legal theories alleged.

You will be asked to decide whether Hidden Valley Lake Association is liable to Wayne Clark under the following legal theories:

1.    Invasion of Right of Privacy;

2.    Defamation Per Se and Defamation Per Quod;

3.    Negligent Infliction of Emotional Distress ("NIED");

4.    Intentional Infliction of Emotional Distress ("IIED");

The following items of damages are recoverable only once under all of the above legal theories:

1.    Actual damages – past and future lost earnings;

2.    Past and future noneconomic damages (i.e., emotional distress);

Wayne Clark may recover the following additional items of damages only once for Defamation Per Se even if he has not proven actual damages:

1.    Assumed or Presumed Damages;

The following additional items of damages are recoverable only once for IIED, Defamation Per Se, and Defamation Per Quod if Wayne Clark proves by clear and convincing evidence that Hidden Valley Lake Association acted with malice, oppression or fraud:

1.    Punitive damages

JURY INSTRUCTION NO. 52

Measure Of Types Of Damages

In determining the measure of damages, you should consider:

The nature and extent of the harm to Wayne Clark's business, trade, profession, or occupation; reputation, harm to Wayne Clark's reputation, shame, mortification or hurt feelings;

The mental, physical, emotional pain and suffering experienced and that with reasonable probability will be experienced in the future.

JURY INSTRUCTION NO. 53

Mitigation

Wayne Clark has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

Hidden Valley Lake Association has the burden of proving by a preponderance of the evidence:

1.    that Wayne Clark failed to use reasonable efforts to mitigate damages; and

2.    the amount by which damages would have been mitigated.

JURY INSTRUCTION NO. 54

Nominal Damages

The law that applies to this case authorizes an award of nominal damages, as to Claims 2(a) and 2(b).  If you find for Wayne Clark as to Claims 2(a) and/or 2(b) but you find that Wayne Clark has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

JURY INSTRUCTION NO. 55

Punitive Damages Against Employer or Principal for

Conduct of a Specific Agent or Employee—Trial Not Bifurcated

If you decide that Cindy Spears's conduct caused Wayne Clark harm, you must decide whether that conduct justifies an award of punitive damages against Hidden Valley Lake Association for Cindy Spears's conduct. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages against Hidden Valley Lake Association for Cindy Spears's conduct only if Wayne Clark proves by clear and convincing evidence that Cindy Spears engaged in that conduct with malice, oppression, or fraud.

"Malice" means that Cindy Spears acted with intent to cause injury or that Cindy Spears's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that Cindy Spears's conduct was despicable and subjected Wayne Clark to cruel and unjust hardship in knowing disregard of his rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Cindy Spears intentionally misrepresented or concealed a material fact and did so intending to harm Wayne Clark.

Wayne Clark must also prove one of the following by clear and convincing evidence:

1. That Cindy Spears was an officer, a director, or a managing agent of Hidden Valley Lake Association, who was acting on behalf of Hidden Valley Lake Association; or

2. That an officer, a director, or a managing agent of Hidden Valley Lake Association had advance knowledge of the unfitness of Cindy Spears and employed her with a knowing disregard of the rights or safety of others; or

3.      That an officer, a director, or a managing agent of Hidden Valley Lake Association authorized Cindy Spears's conduct; or

4.      That an officer, a director, or a managing agent of Hidden Valley Lake Association knew of Cindy Spears's wrongful conduct and adopted or approved the conduct after it occurred.

An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her corporate decision making such that his or her decisions ultimately determine corporate policy.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages.  If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

(a)      How reprehensible was Cindy Spears's conduct?  In deciding how reprehensible Cindy Spears's conduct was, you may consider, among other factors:

1.      Whether the conduct caused physical harm;

2.      Whether Cindy Spears disregarded the health or safety of others;

3.      Whether Wayne Clark was financially weak or vulnerable and Cindy Spears knew Wayne Clark was financially weak or vulnerable and took advantage of him;

4.      Whether Cindy Spears's conduct involved a pattern or practice; and

5.      Whether Cindy Spears acted with trickery or deceit.

(b)      Is there a reasonable relationship between the amount of punitive damages and Wayne Clark's harm or between the amount of punitive damages and potential harm to Wayne Clark that Cindy Spears knew was likely to occur because of her conduct?

(c)      In view of Hidden Valley Lake Association's financial condition, what amount is necessary to punish it and discourage future wrongful conduct?  You may not increase the punitive award above an amount that is otherwise appropriate merely because Hidden Valley Lake Association has substantial financial resources.  Any award you impose may not exceed Hidden Valley Lake Association's ability to pay.

Punitive damages may not be used to punish Hidden Valley Lake Association for the impact of its alleged misconduct on persons other than Wayne Clark.

JURY INSTRUCTION NO. 56

Jurors Not To Consider Attorney Fees And Court Costs

You must not consider, or include as part of any award, attorney fees or expenses that the parties incurred in bringing or defending this lawsuit.

JURY INSTRUCTION NO. 57

Insurance

You must not consider whether any of the parties in this case has insurance.  The presence or absence of insurance is totally irrelevant.  You must decide this case based only on the law and the evidence.

United States District Court
Northern District of California

JURY INSTRUCTION NO. 58

Duty To Deliberate

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

United States District Court
Northern District of California

JURY INSTRUCTION NO. 59

Communication With Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

United States District Court
Northern District of California

JURY ISNTRUCTION NO. 60

Return Of Verdict

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the courtroom clerk that you are ready to return to the courtroom.