UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE CLARK,<br><br>    Plaintiff,<br><br>    v.<br><br>HIDDEN VALLEY LAKE ASSOCIATION,<br><br>    Defendant. | Case No. 16-cv-02009-SI<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STAY ENFORCEMENT OF JUDGMENT WITHOUT POSTING SUPERSEDEAS BOND**<br><br>Re: Dkt. No. 227 |

Defendant Hidden Valley Lake Association has filed a motion to stay enforcement of the judgment without posting a supersedeas bond. Dkt. No. 227. The Court finds this matter appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and VACATES the hearing set for June 1, 2018. For the reasons set forth below, the Court DENIES the motion. The Court ORDERS defendant to post a supersedeas bond equal to 125% of the judgment if it wishes to stay execution of the judgment pending appeal.

**BACKGROUND**

The facts of this case are recited at greater length in the Court's October 31, 2017 order on defendant's special motion to strike and motion for summary judgment, and the Court's April 18, 2018 order on defendant's post-trial motions. *See* Dkt. Nos. 86, 223. Plaintiff Wayne Clark is a golf professional who was hired in 2011 as the Director of Golf for defendant Hidden Valley Lake Association. Defendant is a homeowners association with approximately 3300 members.

On January 30, 2018, plaintiff went to trial on his claims. On February 8, 2018, the jury returned a verdict in favor of plaintiff on all claims and awarded actual (lost wages) and noneconomic damages totaling $2 million. Dkt. No. 196 at 15-16. The Court entered judgment in

favor of plaintiff and against defendant on February 9, 2018. Dkt. No. 201. Defendant then filed post-trial motions, including a request for a stay of execution of the judgment, which the Court denied. Dkt. Nos. 205, 223. Defendant filed a notice of appeal to the Ninth Circuit on April 24, 2018. Dkt. No. 224.

On May 10, 2018, defendant filed the present motion to stay enforcement of the judgment without posting a supersedeas bond. Dkt. No. 227. Later that same day, plaintiff filed a proposed writ of execution. Dkt. No. 229. The Court did not act on plaintiff's proposed writ but expedited the briefing schedule on defendant's motion. Dkt. No. 233. The Court now rules as follows.

## LEGAL STANDARD

An appellant may stay execution of a judgment by posting a supersedeas bond. *Cotton ex rel. McClure v. City of Eureka, Cal.*, 860 F. Supp. 2d 999, 1025 (N.D. Cal. 2012). Federal Rule of Civil Procedure 62(d) provides:

> **Stay with Bond on Appeal.** If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action [for an injunction or a receivership or for an accounting in a patent infringement case]. The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

Fed. R. Civ. P. 62(d). "The posting of a bond protects the prevailing plaintiff from the risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment." *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988).

The district courts have discretion both in "setting supersedeas bonds" and in "allow[ing] other forms of judgment guarantee." *Cotton*, 860 F. Supp. 2d at 1027 (quoting *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987) and *Int'l Telemeter, Corp. v. Hamlin Int'l Corp.*, 754 F.2d 1492, 1495 (9th Cir. 1985)). This includes the "broad discretionary power to waive the bond requirement if [the district court] sees fit." *Townsend v. Holman Consulting Corp.*, 881 F.2d 788, 797-98 (9th Cir. 1989), *vacated on other grounds en banc*, 929 F.2d 1358 (9th Cir. 1990). "The appellant has the burden to 'objectively demonstrate' the reasons for departing from the usual requirement of a full supersedeas bond." *Cotton*, 860 F. Supp. 2d at 1028 (quoting *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191

(5th Cir. 1979)).

Although the Ninth Circuit has not identified factors for determining when waiver of the supersedeas bond is merited, courts within the Northern District of California and the Ninth Circuit often employ the five-factor test articulated by the Seventh Circuit in *Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988). *See Kranson v. Fed. Express Corp.*, No. 11-cv-05826-YGR, 2013 WL 6872495, at *1 (N.D. Cal. Dec. 31, 2013) (citing *Cotton*, 860 F. Supp. 2d at 1028) (explaining "[c]ourts in the Ninth Circuit regularly use the *Dillon* factors in determining whether to waive the bond requirement"). These factors include

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Cotton*, 860 F. Supp. 2d at 1028 (quoting *Dillon*, 866 F.2d at 904-05).

If the supersedeas bond requirement is not waived, "[s]tandards for determining sufficiency of the [supersedeas] bond may be supplied by local rule. In the absence of local rule, the standards of former Rule 73(d) [of the Federal Rules of Civil Procedure] are applicable." *In re Swift Aire Lines, Inc.*, 21 B.R. 12, 14 (B.A.P. 9th Cir. 1982).

Former Rule 73(d) provided:

> **Supersedeas Bond.** Whenever an appellant entitled thereto desires a stay on appeal, he may present to the court for its approval a supersedeas bond which shall have such surety or sureties as the court requires. The bond shall be conditioned for the satisfaction of the judgment in full together with costs, interest, and damages for delay, if for any reason the appeal is dismissed or if the judgment is affirmed, and to satisfy in full such modification of the judgment and such costs, interest, and damages as the appellate court may adjudge and award. When the judgment is for the recovery of money not otherwise secured, the amount of the bond shall be fixed at such sum as will cover the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, unless the court after notice and hearing and for good cause shown fixes a different amount or orders security other than the bond. . . .

*Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 758 n.4 (D.C. Cir. 1980) (citation omitted).

3

**DISCUSSION**

Defendant moves to stay enforcement of the February 9, 2018 judgment without posting a supersedeas bond. In the alternative, defendant asks the Court to set the amount of the supersedeas bond at defendant's remaining insurance policy limits, less defense costs of appeal, or for alternative security in lieu of a supersedeas bond. Plaintiff opposes defendant's motion, and seeks a bond amounting to 150% of the judgment amount. Upon review of the parties' filings and the record, the Court is not confident in defendant's ability to satisfy the judgment at the conclusion of an appeal. Defendant must post a supersedeas bond equal to 125% of the judgment to stay execution of the judgment pending appeal.

## I. Motion to Stay Enforcement of Judgment Without Posting Supersedeas Bond

Defendant asserts that all five *Dillon* factors support waiver of the supersedeas bond requirement. Dkt. No. 227, Mot. at 6-8. Plaintiff responds that the third and fourth factors—the court's confidence in defendant's ability to pay the judgment and whether the cost of a supersedeas bond is a waste of money—do not. Dkt. No. 235, Opp'n at 3-7. The Court finds that the *Dillon* factors weigh against the granting of defendant's motion.

Both the potential complexity of the collection process and the possible amount of time required to obtain a judgment after any affirmance on appeal weigh against waiving the supersedeas bond requirement. Defendant asserts that it has approximately $5 million in its reserve accounts and that the board of directors can authorize the use of these reserve funds to pay the judgment upon completion of the appeal. Mot. at 6-7; *see also* Dkt. No. 227-2, Decl. of Edward Simpkins ¶¶ 4-5. Defendant's by-laws state that "the reserve funds may not be used for any purpose other than for the repair, restoration, replacement or maintenance of major components that the Associated [sic] is obligated to repair and maintain." Simpkins Decl. ¶ 4. Although the by-laws permit the board to authorize the transfer of funds "to meet short-term cash flow requirements and other expenses" if the funds are restored within one year, defendant does not establish that the board of directors will in fact authorize the use of its reserve funds to pay the judgment if needed. *See id.* Nor does defendant explain how and when its board would meet to

4

vote on the issue. *See* Simpkins Decl., Ex. 5 at 13 (providing for one annual "regular" meeting and other "special meetings" held only upon call by the president or by any vice-president or by any two directors of the board). Defendant's explanation of how it will pay the judgment appears "not only cumbersome and time-consuming, but uncertain in outcome, since the judgment cannot be paid unless and until the [board of directors] votes to appropriate the money necessary to pay it." *See Lightfoot v. Walker*, 797 F.2d 505, 506 (7th Cir. 1986).

Similarly, the Court's lack of confidence that defendant has funds available to pay the judgment weighs against waiver. Defendant simultaneously argues that its financial hardship is a reason that the Court should waive the bond requirement, while also arguing that the Court should waive the bond requirement because the Court should be confident in defendant's ability to pay the judgment. Defendant cannot have it both ways. Defendant presented evidence over the course of the trial that it is not in a financially stable position. *See* Trial Tr. at 836:18-838:4, 1240:12-21, 1241:1-9. Defendant's "financial frailty" indicates that a bond is necessary to protect plaintiff's interests, and that it will not be a waste of money. *See Westphal*, 859 F.2d at 819; *AngioScore, Inc. v. TriReme Medical, Inc.*, No. 12-cv-03393-YGR, 2015 WL 13387576, at *2 (N.D. Cal. Oct. 23, 2015).

Finally, defendant has not stated that it has any other creditors the Court should consider, much less explained how requiring a supersedeas bond would affect those creditors if they do exist. *See* Mot. at 8. As such, the fifth and final *Dillon* factor does not support defendant's motion.

**II.     Motion, in the Alternative, to Set Amount of Bond at Remaining Policy Limits**

Defendant moves this Court, in the alternative, to set the amount of the supersedeas bond at defendant's remaining policy limit, less any additional defense costs on appeal. Mot. at 2, 9-10. Plaintiff requests a supersedeas bond of 150% of the judgment, to include "costs on the appeal, interest, and damages for delay." Opp'n at 6 (quoting *Poplar Grove*, 600 F.2d at 1191).

The purpose of a supersedeas bond is to protect plaintiff's interests while defendant pursues its appeal. *Westphal*, 859 F.2d at 819. Based upon defendant's submissions, defendant's

5

insurance policy will have a remaining limit between $418,000 and $468,000 upon completion of its appeal, and even less if its estimate of costs on appeal turns out to be low. *See* Dkt. No. 227-1, Decl. of William A. Munoz ¶ 3. Defendant provides no indication of how setting a supersedeas bond at a fraction of the original judgment comes close to ensuring that plaintiff's interests are adequately protected while defendant carries out its appeal. Further, supersedeas bonds should also cover "costs, interest, and damages for delay" during the appeal. *Fed. Prescription Serv., Inc.*, 626 F.2d at 758 n.4. Thus, setting the amount of the supersedeas bond at or below the amount of the $2 million judgment is not sufficient. The Court is unable to find any reason to set the amount of the supersedeas bond at an amount less than the judgment as defendant requests. The Court also finds, however, that a supersedeas bond equal to 125% of the judgment will be adequate to protect plaintiffs' interests pending appeal.[1]

### III. Motion to Permit Alternative Security in Lieu of Supersedeas Bond

Finally, defendant moves the Court to permit defendant to post alternative security in lieu of a supersedeas bond in either of two forms. Mot. at 10-11. Defendant's first suggestion is an order requiring defendant (1) to maintain an investment account with cash and/or marketable securities worth at least the amount of the judgment, (2) to maintain the value of the account at or above the value of the judgment, and (3) to provide quarterly reports on the value of the account. *Id.* Defendant's second suggestion is an order requiring a standby letter of credit. *Id.* at 11. The Court is not confident that either suggestion will adequately protect plaintiff's interests during the appeals process. *See Westphal*, 859 F.2d at 819.

Defendant's first suggestion seems little better than the conditions that the district court rejected in *AngioScore*. The defendants there asked to substitute a supersedeas bond with an order

---

[1] Contrary to defendant's suggestion in its reply brief, the posting of a bond to secure the judgment is not a punitive measure. *See, e.g.*, *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1109 (9th Cir. 2000) (holding $30,000 bond to cover $11,900 judgment and costs on appeal not excessive); *see also Cotton*, 860 F. Supp. 2d at 1029 (quoting Christopher A. Goelz & Meredith J. Watts, California Practice Guide: Ninth Circuit Civil Appellate Practice ¶ 1:168 (TRG 2011)) ("Although practices vary among judges, a bond of 1.25 to 1.5 times the judgment is typically required.").

requiring

> (1) appointment of a "Mutually-agreeable Monitor" to ensure the status quo is maintained at the corporate defendants pending appeal; (2) no transferring of corporate assets outside of the United States "except as required in the ordinary course of its existing business"; and (3) the posting of a supersedeas bond upon a "major sale of operational assets" or a change of control of the corporate defendants.

*AngioScore*, 2015 WL 13387576, at *1. The Court found that the defendants' request offered "limited safeguards that do not go far enough to ensure the status quo will be maintained throughout the appellate process—particularly in light of defendants' purported financial frailty." *Id.* at *2. The Court finds likewise here.

Additionally, defendant does not provide sufficient information regarding whether a standby letter of credit will adequately protect plaintiff's interests during the appeals process. Defendant states that the standby letter of credit will cost $21,000 per year while a supersedeas bond will cost $40,000 per year. *See* Simpkins Decl. ¶ 6. However, defendant does not provide a copy or a draft of the standby letter of credit or its terms and conditions to establish that it would be as secure as a supersedeas bond. The Court is not willing to allow such uncertain alternative security.

## CONCLUSION

For the foregoing reasons, the Court DENIES defendant Hidden Valley Lake Association's motion to stay enforcement of the judgment without posting a supersedeas bond or, in the alternative, setting the amount of security and permitting defendant to post alternative security in lieu of a supersedeas bond. The Court ORDERS defendant to post a supersedeas bond equal to 125% of the judgment to stay execution of the judgment pending appeal.

**IT IS SO ORDERED**.

Dated: May 29, 2018

_____
SUSAN ILLSTON
United States District Judge

7